the rule that parol evidence cannot be offended to rebut the claim of felonious intent. Id.

A criminal intent, necessary to conviction of the crime of larceny, is entirely wanting, where the owner's clerk gives the accused permission to take the articles which he did take, and it is immaterial whether the clerk had authority to do so or not. People ex rel. Van Bergen v. Welles, 89 Hun, 96; 69 S. R. 112.

---

## Supreme Court — First Department.

### July 2, 1897.

### PEOPLE v. PETER GARRAHAN.

**1. CRIMINAL LAW—FALSE REPRESENTATIONS.**

Upon the trial of an indictment for obtaining money by fraudulent representations as to the solvency of a corporation in which defendant was selling stock, testimony of the complainant that he, pursuant to the instructions of defendant, made similar statements, as to its solvency, to other persons, is admissible as bearing upon the question of fraudulent intent.

**2. SAME—EVIDENCE.**

Where the record does not disclose that the prospectus contained the statements which the defendant claimed to be important, the court will not presume that any substantial rights of defendant were affected by the exclusion of such prospectus, so as to call for the reversal of the judgment.

**3. SAME—EVIDENCE—HARMLESS ERROR.**

Where the defendant has given his version of a conversation, and the interpreter gives his version after the witness has left the stand, wherein he substantially corroborates the defendant, and the complainant does not contradict this evidence, the exclusion of the testimony of a witness, who understands only English, offered to show what the Italian party to such conversation learned from it, cannot prejudice the defendant.

Appeal from a judgment convicting defendant of a crime.

George C. Auston, for appellant.

John D. Lindsey, for the People.

WILLIAMS, S.—The indictment charged the defendant and one Parodi with having on the 15th of December, 1894, at the city of New York, feloniously obtained from one Giallorenzo $30,

by means off alse and fraudulent representations, to wit : That a corporation called the Maryland Progressive Improvement Company, of which the defendant was president, had been organized under the laws of Maryland; that the corporation owned 40 acres of land on the shores of Chesapeake Bay and ·Patuxent River, county of St. Marys, Md. ; that the capital stock of said corporation had been paid up to the amount of $1,000,000 ; that the corporation was solvent, had completed plans for the building of a city on the lands, required the services of a large number of laborers, in order to begin the work of building the city ; and that the defendants were authorized by the corporation to hire such laborers. One Alfenito accompanied the complainant as interpreter when he went to talk with the defendant, about December 15, 1894, in Mott street, New York, the defendant speaking English, and the complainant Italian. The complainant was a banker, and the people claimed that he was told by the defendant substantially what was charged in the indictment, and also that every one who bought one share of the stock, for three dollars, would get five years' work guarantied him, and that the complainant could buy as many shares as he wanted, and defendant would give him a commission on the sales. Complainant said he wanted to send some of his friends to work on the company's lands, and bought 10 shares of stock, for which he paid defendant $30. There was dispute as to whether these statements were made, but there was no serious claim that the statements, if made, were true. All the questions of fact in the case were submitted to and determined by the jury, and the evidence was sufficient to support such determination. The defendant was clearly guilty of the offense charged against him, and the only questions calling for consideration here are those arising upon exceptions taken by the defendant during the trial. Code Cr. Proc. § 542, requires us to give our judgment upon appeal, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties; and we are therefore to examine this record with a view to determine whether any substantial rights of the defendant have been affected, so as to call for a reversal of the judgment, and the granting of a new trial.

One question raised by the defendant is that the court erred in

permitting the people to show by the complainant that, pursuant to instructions by defendant, he (the complainant) told other Italians that the corporation was very solid, was incorporated, and owned 40,-000 acres of land in Maryland, and that $1,000,000 had been paid upon it. After the purchase by complainant from defendant of the 10 shares of stock, and the payment of the $30, the defendant employed complainant, as agent, to sell shares to other Italians, and pursuant to this employment, complainant did sell 300 shares of the stock; and it was to the Italians to whom he sold these shares that he made these statements sworn to. The court admitted the evidence as bearing upon the question of fraudulent intent, the transaction being of a similar nature to the transaction of the sale by defendant to complainant of the 10 shares charged in the indictment. It seems to us this evidence was properly admitted, under the rule laid down in Mayer v. People, 80 N. Y. 378, that "when the representations, their falsity, and a knowledge of the accused that they were false, is established by competent testimony, the allegation that they were made with intent to defraud may be supported by proof of dealings of the accused with parties other than the complainant, which tend to show a fraudulent scheme to obtain property by devices similar to those practiced upon him, provided the dealings are sufficiently connected in point of time and character to authorize an inference that the purchase from the complainant was made in pursuance of the same general purpose." This rule of evidence is applied in civil actions, where the like issue is involved, and the rules of evidence in civil and criminal cases are ordinarily the same. Code Cr. Proc. § 392. All these transactions were about the same time, and the admission of this evidence was therefore proper.

Another question raised by the defendant is that the court erred in refusing to admit in evidence a prospectus issued by the defendant in the summer of 1894, with reference to the Maryland corporation property. The prospectus was in English, and the complainant could not read English, and it was not made to appear that he ever knew what the contents of the prospectus were. The defendant gave evidence tending to show that the prospectus was delivered to the complainant before he purchased the 10 shares of stock, and that he received and kept the same; and the

prospectus was offered in evidence for the purpose of showing that its contents showed that the statements claimed to have been made by defendant to complainant were not true, and that the complainant had knowledge of such falsity before he purchased the 10 shares of the stock, and paid defendant the $30. The defendant volunteered some statements as to what the prospectus contained, and then the court read some statements from the prospectus, and questioned the defendant with reference thereto. The statements in the prospectus as far as they were stated or read by the court, were before the jury, and are in the record. The other statements in the prospectus were not before the jury, and are not in the record ; and we have no means of determining whether they were important in the case or whether, if they had been before the jury, they would have aided the defendant in his defense. The defendant failed to call the attention of the court to any statements in the prospectus, aside from those that were made before the jury, and which he claimed were material to the defense. On the argument, defendant's counsel referred to some statements in the prospectus which he claimed were important, but the record does not disclose that the prospectus contained any such statements. In this condition of the record we cannot say that any substantial rights of the defendant were affected by the exclusion of this prospectus, so as to call for a reversal of this judgment.

Another question raised by the defendant is that the court erred in the exclusion of the evidence of the witness Yenne as to the conversation between the complainant and the defendant, wherein Parodi acted as interpreter. The complainant spoke only Italian ; the defendant only English ; the interpreter spoke both languages ; the witness could only understand English. The conversation was about the middle of January, 1895. The defendant desired to prove that the interpreter then introduced the defendant and the complainant to each other, so that the inference would be that the parties had never met before. The defendant claimed they had never met before, while the complainant claimed they had met before, and that the transaction alleged in the indictment took place about the middle of December, 1894. The defendant had already given his verson of the conversation, and the interpreter gave his version after this witness left the stand, wherein he substantially

corroborated the defendant as to the introduction of the parties. The complainant did not contradict the evidence as to this introduction. Whether such an introduction as was sworn to, in view of the subsequent conversation that took place, tended to contradict the one or the other of the parties, the defendant or the complainant, was a question for the jury. The introduction itself seems to have been established as a fact, and not to have been seriously controverted. We see no reason why the witness Yenne should have been permitted to testify to the English when she could not testify to the Italian used in the conversation. The English was used entirely by the defendant and the interpreter. All the complainant's talk was in Italian, and he could not understand the English. The object of the proof was to contradict the complainant, to show by what he said and understood that he was being introduced to the defendant as though a stranger. This witness' evidence could not aid the defendant at all in showing this fact. We fail to see how the exclusion of her evidence as to the English portion of the conversation could have prejudiced the defendant's case in any way. There was an effort later to impeach the interpreter as a witness by showing by the witness Yenne what he said, but this was not permissible.

We have examined the other questions raised in the course of the trial with reference to the rejection and admission of evidence, but do not deem it necessary to refer to them in detail.

It is also contended by the defendant that there were errors committed by the court in his charge to the jury, and in response to requests made. We have carefully examined the charge itself, and the responses of the court to the requests. We are of the opinion that the charge was entirely fair and impartial, and a very clear statement of the principles of the law applicable to the case, and that no errors were committed in the body of the charge, or in response to the requests, which affected the substantial rights of the defendant, so as to call for a reversal of the judgment. We do not deem it necessary to consider these in detail.

Our conclusion is that the judgment should be affirmed.

RUMSEY, PATTERSON, PARKER, JJ., concur.
INGRAHAM, J., concurs in result.