### MAIS v. RUH et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

SETTING ASIDE VERDICT—STATEMENTS OF JURORS.

Affidavits of statements made by jurors cannot be received in support of a motion to set aside a verdict on the ground that the amount of damages was reached by compromise.

Appeal from special term, Kings county.

Action by Anna Barbara Mais, administratrix of the estate of Joseph Henry Mais, deceased, against Henry Ruh and Katherine Ruh. From an order denying plaintiff's motion for an order vacating and setting aside a verdict in her favor, she appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

August P. Wagener, for appellant.
Richard Cohn, for respondents.

GOODRICH, P. J. The action was for the recovery of damages to real property by the maintenance of a nuisance. The jury rendered a verdict of $25 for the plaintiff, and judgment was entered on the verdict for the amount of the defendants' taxable costs, less the amount of the verdict. The plaintiff made a motion to set aside the verdict and the judgment entered thereon, on the ground that it was a quotient verdict, reached by having each juror name the amount of the damages, and dividing the aggregate by 12. The court denied the motion, and the plaintiff appeals.

The only evidence in support of the motion is the affidavit of a Mr. Storey that he had conversed with three of the jurors, and that they had stated that "in their opinion the verdict was reached by compromise," and that one of the jurors said that "some one suggested that each man should take a slip of paper, put down the amount he was willing to give; that this was done; that the different amounts were added together and divided by twelve; and that that was the way in which the verdict of twenty-five dollars ($25) for the plaintiff was obtained." The defendant produced the affidavit of Mr. Laskey that he had conversed with each of the three jurors, and that each denied having the conversation stated in Mr. Storey's affidavit. The law is well settled that the affidavits of jurors will not be admitted to impeach the verdict. Williams v. Montgomery, 60

N. Y. 648; Dalrymple v. Williams, 63 N. Y. 361. It is quite as clearly settled that affidavits of statements made by jurors may not be received for the like purpose. Clum v. Smith, 5 Hill, 560; Mitchell v. Carter, 14 Hun, 448. The subject of a quotient verdict was considered, also, in an able opinion by the Third department (Mr. Justice Herrick writing), in Hamilton v. Waterworks, 22 App. Div. 573, 48 N. Y. Supp. 106, where the court reversed an order setting aside a verdict which appeared to be quotient. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.