GANS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 18, 1903.)

1. STREET RAILROADS — PERSONAL INJURIES — TRIAL — JURORS—MISCONDUCT—EVIDENCE.

An affidavit on which is based an application to set aside a verdict, because of alleged misconduct of two jurors, to the effect that after verdict was rendered the jurors stated to affiant, who was a clerk in the office of plaintiff's attorney, that during the progress of the trial they had inspected a gate on one of the defendant's street cars, to ascertain whether the plaintiff's hand could have been injured in the manner testified to by him, and that such information influenced them in arriving at a verdict against plaintiff, is hearsay.

**2. SAME—HARMLESS ERROR.**

> The misconduct of two jurors, in inspecting a gate on one of defendant's cars, to ascertain whether plaintiff's hand could have been injured in the manner testified to by him, is harmless, where the evidence indicates that the jury were justified in finding for defendant, and there is nothing to show that a different conclusion would have been reached, had the inspection not been made.

Appeal from City Court of New York, Special Term.

Action by James Gans against the Metropolitan Street Railway Company. From an order denying a motion to set aside a verdict for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Joseph I. Green, for appellant.

H. A. Robinson (F. Angelo Gaynor and Bayard H. Ames, of counsel), for respondent.

BLANCHARD, J. This is an appeal from an order made at Trial Term of the City Court denying plaintiff's application to set aside a verdict because of alleged misconduct of two of the jurymen. The action is to recover damages for personal injuries. The applicant's application is based upon an affidavit of a clerk in the office of the plaintiff's attorney which is substantially to the effect that after the verdict was rendered two of the jurymen had stated to him that during the progress of the trial they had inspected a gate on one of the defendant's cars to ascertain whether the plaintiff's hand could have been injured in the manner stated by him in his testimony, and that such information influenced them in arriving at a verdict against the plaintiff. This testimony, in itself, is incompetent, as it is merely hearsay evidence. Had the testimony of the jurors themselves been offered, this could not be considered, as it had been repeatedly held that the evidence or declarations of jurors after verdict is not competent to impeach the same. Mais v. Ruh, 57 App. Div. 16, 67 N. Y. Supp. 1051. See 10 Abb. N. Y. Cyclopedic Digest, p. 382, and cases there cited. The record of the trial has been reviewed here on the plaintiff's appeal from the judgment and order denying motion for a new trial. The evidence there indicates that the jury were justified in rendering a verdict for the defendant, and there is nothing in the record on this appeal to indicate that the jury would not have reached the same conclusion, even had these two delinquent jurymen not made the inspection complained of.

The order appealed from should be affirmed, with costs and disbursements. All concur.