(58 Misc. Rep. 52.)

### DITTMAN v. CITY OF NEW YORK (two cases).

(Supreme Court, Trial Term, New York County. February, 1908.)

NEW TRIAL—MISCONDUCT OF JUROR.

A verdict for plaintiff in an action against a city to recover for personal injuries will not be set aside because one of the jurors visited the scene of the accident pending the trial and reported to the jurors the results of his observation where each of the jurors deposes that his verdict was

based solely on the evidence and the instructions and that the alleged visit was not discussed by the jurors or urged in their deliberation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 116–119.]

Action by Frederick Dittman against the city of New York, and by Annie Dittman against the same defendant. Verdicts for plaintiff. Motions for new trials denied.

Morris Cukor, for plaintiff.

F. K. Pendleton (Mr. Stover, of counsel), for defendant.

ERLANGER, J. After the jury rendered their verdict and were discharged counsel for defendant conversed with two of them, and was informed that one of their body had since the trial began visited the scene of the accident and had reported to the jurors the result of his observations and the condition of the locus in quo at the time of the trial long after the accident occurred; that during this conversation the name of the juror who made this visitation was not disclosed. The defendant moves to set aside the verdict in both actions upon the ground that the conduct of such juror was prejudicial to the interests of the defendant in that by such visit "the attention of the jurors was brought to facts outside of the record which might and probably did affect the verdict rendered." It is the duty of the court to set aside a verdict where it is made to appear that there has been a miscarriage of justice, but before a verdict can be nullified the proof of misconduct should be clear and convincing, and not merely conjectural. The moving affidavits in my opinion do not present a case for the favorable exercise of the court's discretion.

Each of the jurors composing the panel deposed that his verdict was founded solely upon the evidence and the instructions of the court, and that "the alleged visit to or knowledge of the locality of the accident by one or more of the jurors as now claimed by defendant was not discussed or argued by the jury, nor was it urged in our deliberations." It has been held that affidavits of jurors are not receivable to show irregularity or misconduct to impeach their verdict (Haight v. City of Elmira, 42 App. Div. 394, 59 N. Y. Supp. 193), but that such affidavits may be read to sustain a verdict (N. Y. & N. J. Ice Lines v. Howell, 19 App. Div. 347, 46 N. Y. Supp. 493).

It seems to me that the charge of misconduct has been fairly met, and that no injustice was done. The motions to set aside the verdicts must therefore be denied.

Motions denied.