### ZINT v. MULLIGAN et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

NEW TRIAL (§ 143*)—MISCONDUCT OF JURY—AFFIDAVITS OF JURORS—ADMISSIBILITY.

 Under the rule that affidavits of jurors are inadmissible to impeach their verdict or show misconduct in the jury room, the affidavits of two jurors were inadmissible to show that they were induced by another juror to believe that the court had instructed them to disregard certain evidence, where the instructions were clearly to the contrary.

 [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

Appeal from Special Term, Orange County.

Action by Mary V. M. Zint against Cornelius Mulligan and others. From an order refusing a new trial, on verdict for defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

R. H. Barnett, for appellant.

Edward J. Collins (A. H. F. Seeger, on the brief), for respondents.

WOODWARD, J. This is an action brought to determine the validity of the last will and testament of Joseph J. Callaghan, deceased,

and which resulted in a verdict of the jury in favor of the defendants. The plaintiff thereupon moved the court at Special Term for an order granting a new trial, on the ground that the interests of justice demanded such new trial. This motion was based upon the affidavits of two of the jurors who acted upon the trial of the issues, who claimed that they had been persuaded by one of the jurors that the charge of the court demanded that they should disregard the testimony offered in behalf of the plaintiff in respect to the conduct of the decedent at all times before and after the making of the will, except on the date of the instrument.

There is no question that the learned court correctly charged the jury upon the law. It is clear from reading the case, in connection with briefs of counsel, that the jury asked for further instructions after having been out a considerable length of time, and that the court then reiterated that the jury must take into consideration all of the evidence in relation to the conduct of the deceased, both before and after making the will, that they might determine his condition on the day when the will was executed, and the case comes, therefore, within the rule that the affidavits of jurors are not to be received for the purpose of impeaching their verdict, or to show misconduct in the jury room, and the very case which the appellant cites to sustain this appeal clearly recognizes the general rule. See Webber v. Reynolds, 32 App. Div. 248, 52 N. Y. Supp. 1007.

The opinion of the learned justice who presided at the trial, and who denied the motion for a new trial, discloses a state of facts which would seem to emphasize the importance of maintaining the rule in its integrity. If litigants may sit by and acquiesce in every part of the trial, and then overturn verdicts upon the affidavits of weak and vacillating jurors that they have misunderstood or misapplied the instructions of the court, there would be an end of orderly administration of the law, and trial by jury would be a farce. In this case the plaintiff had a full and fair opportunity to secure an impartial jury. There was no ruling of the court which denied any such right, and the jury was pronounced satisfactory to the plaintiff. There is no ruling of the court under review, no suggestion that the court did not fully and fairly charge the law, and reiterate such charge; and if the jury was too ignorant or too stupid to understand what was said to them, it is one of the risks of the system, not to be corrected upon the affidavits of those who declare their ignorance and stupidity. If these two jurors were misled by the statements of jurors, they are equally liable to be misled in their statements of what was said by those who are alleged to have misled them, or by the importunings of counsel intent on reaching results, and it would be a travesty on justice to overrule the action of the learned trial justice, who denied the motion at Special Term.

The order appealed from should be affirmed, with costs. All concur.