more liberal rule than the one that had prevailed up to that time on the question of what is the "end" of a will, there is no way that I can see by which even the language of the opinion can be applied to the present case. As the two witnesses did not sign their names at the end of this will, probate must be refused. Matter of Hewitt, 91 N. Y. 261; Matter of Blair, 84 Hun, 581, 32 N. Y. Supp. 845; affirmed 152 N. Y. 645, 46 N. Y. Supp. 1145.

The executor named in the paper propounded as a will may tax his costs and the same will be allowed.

Decreed accordingly.

(81 Misc. Rep. 73)

BROADWAY BLDG. CO. v. SALADINO.

(City Court of New York, Trial Term. May, 1913.)

1. NEW TRIAL (§ 140½)—PROCEEDINGS TO PROCURE—IMPEACHMENT OF VERDICT.
  An affidavit of plaintiff's attorney embodying a statement of what took place in the jury room, when based on a juror's statement that the verdict was wrong, and that he consented to same merely because he feared the jury would be locked up over night, was inadmissible to impeach the verdict on a motion for new trial.

  [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284–287, 289, 302, 306; Dec. Dig. § 140.*]

2. NEW TRIAL (§ 140*)—PROCEEDINGS TO PROCURE—MISCONDUCT OF JURY.
  While the trial court should grant a new trial to prevent a miscarriage of justice, it should grant same on account of the misconduct of jurors only when such misconduct is shown by evidence which is clear and convincing, and not merely conjectural.

  [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284–287, 289, 302, 306; Dec. Dig. § 140.*]

Action by the Broadway Building Company against Domenic Saladino. Verdict for defendant, and plaintiff moves to set same aside. Motion denied.

Sondheim & Sondheim, of New York City, for plaintiff.

Goldsmith, Rosenthal, Mork & Baum, of New York City, for defendant.

FINELITE, J. The jury having rendered its verdict in favor of the defendant in an action on a promissory note, and, after the same was duly recorded, certain colloquy ensued between the jurors and the court, wherein one of the jurors then, for the first time, made the remark that the verdict as rendered was not his verdict, but that he consented to the same because he did not want "to be locked up in the jury room overnight." The plaintiff contends that a verdict rendered in the manner as herein stated was not a proper verdict, and that the jurors were guilty of misconduct, and for that reason the verdict should be set aside and a new trial ordered. The defendant, in opposition to the motion, contends that the verdict having been rendered by the jury, and the same having been duly recorded, it is too late to set the same aside, and that the motion made by plaintiff should in all respects be denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Plaintiff's attorney presents his affidavit, wherein he embodies what took place in the jury room when the jury was deliberating upon a verdict, upon information received from one of the jurors, wherein said juror stated to plaintiff's attorneys:

"That he was convinced that a verdict in favor of the defendant would be a gross miscarriage of justice and a flagrant mistake, but did not insist upon maintaining this view because he feared that he would be locked up with the balance of the jurors overnight, and for this reason only agreed to vote for a verdict in favor of the defendant; that another juror who originally voted in favor of a verdict for the plaintiff was of the same opinion and so stated, and only changed his vote, as he said, to a verdict for the defendant for the same reason, namely, that he did not wish to run the risk of being locked up in the jury room overnight; that deponent requested said juror to incorporate his statement in an affidavit to be used on a motion for a new trial, and said juror promised to make such affidavit, and when deponent saw him to-day and asked him to sign the affidavit which deponent had drawn, containing these facts, he said that he had gotten advice from some third party, and did not wish to sign the affidavit nor be bothered with it; that deponent was present when said juror made all of the material statements hereinabove referred to after the jury had brought in their verdict; wherefore, deponent prays, for the reasons herein expressed and in view of the conduct of said jurymen, that the verdict rendered be set aside."

Under the rule, affidavits of jurors are inadmissible to impeach their verdict or show misconduct in the jury room. The affidavits of jurors are inadmissible to show that they were induced by another juror to believe that a verdict in favor of one party and against the other was a proper verdict. In Zint v. Mulligan, 140 App. Div. 231, 124 N. Y. Supp. 1017, Woodward, J., in writing upon a similar question, said:

"If litigants may sit by and acquiesce in every part of the trial, and then overturn verdicts upon the affidavits of weak and vacillating jurors that they have misunderstood or misapplied the instructions of the court, there would be an end of orderly administration of the law, and trial by jury would be a farce."

This is not a mooted question, but it is settled law that verdicts thus rendered cannot be on affidavits set aside. Jurors in the performance of their duty, and following the instructions given by the court on the law governing the facts of the case, have the right to render such verdict as the facts show, wherein they apply the law to those facts as charged by the court, and a verdict thus rendered cannot be impeached by one juror or more, and a litigant, after the verdict has been announced by the foreman and duly recorded, cannot seek to set aside the verdict upon affidavit of jurors as to what may have taken place in the jury room or the misconduct of any juror while in the jury room deliberating upon a verdict. Such affidavits cannot be used to nullify a verdict of a jury. "There are reasons of public policy why jurors should not be heard to impeach their verdicts, whether by showing their mistakes or their misconduct. Neither can they properly be permitted to declare, with a view to affect their verdict, an intent different from that actually expressed by the verdict as rendered in open court" (Dalrymple v. Williams, 63 N. Y. 361–363, 20 Am. Rep. 544), and, as was said in that case:

"In early times the pains and penalties visited upon jurors for false verdicts furnished an additional reason why they should not be allowed to im-

peach them (Watts v. Brains, Cro. Eliz. 778), but the rule is well established, and at this day rests upon well-understood reasons of public policy, as connected with the administration of justice, that the court will not receive the affidavits of jurymen to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict. This rule excludes affidavits to show mistake or error of the jurors in respect to the merits, or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different."

This rule has been upheld in the following cases: Clum v. Smith, 5 Hill, 560; Ex parte Caykendoll, 6 Cow. 53; People v. Columbia Common Pleas, 1 Wend. 297; Jackson v. Williamson, 2 T. R. 281; Davis v. Taylor, 2 Chitty, 208; Vaise v. Delaval, 1 T. R. 11; Castle v. Greenwich Fire Ins. Co. (City Ct.) 45 N. Y. Supp. 901; and Moses v. Central Park, N. & E. R. Co., 3 Misc. Rep. 322, 23 N. Y. Supp. 23. Affidavits of jurors can only be entertained by the court after the rendition of a verdict to uphold the same. This is the only instance where affidavits can be presented for the purpose of maintaining the verdict as found by the jury. Webber v. Reynolds, 32 App. Div. 248, 52 N. Y. Supp. 1007; Haight v. City of Elmira, 42 App. Div. 391, 59 N. Y. Supp. 193; Buffalo Structural Co. v. Dickinson, 98 App. Div. 355, 90 N. Y. Supp. 268; Gans v. Metropolitan St. R. Co. (Sup.) 84 N. Y. Supp. 914; Thomas v. Chapman, 45 Barb. 98; Dittman v. City of New York, 58 Misc. Rep. 52, 110 N. Y. Supp. 40; Hanor v. Housel, 128 App. Div. 801, 113 N. Y. Supp. 163; Gregory v. Bijou Theatre Co., 138 App. Div. 590, 122 N. Y. Supp. 1085. The moving affidavit to set aside the verdict as rendered is made by the attorney for the plaintiff upon information and belief; such information having been received from a juror. It is not necessary to cite authority for the fact that such information received from a third party cannot impeach a verdict rendered by a jury. In People v. Columbia, supra, Savage, C. J., said:

"The rule in England is that the courts will not suffer the jury to explain, by affidavit, the ground of their verdict, or to show that they intended something different from what they found. * * * This rule is expressly recognized in Sargent v. Duniston, 5 Cow. 121. * * * In Jackson v. Williamson, supra, the whole jury united in an affidavit that they intended to find a verdict of £61; and supposed that by finding £30 the prothonotary would of course add £31, * * * yet the court refused to act upon the affidavit, saying that it * * * would be productive * * * of infinite mischief, and it was better that the plaintiff in that cause should suffer an inconvenience, than that such a rule should be introduced."

In People v. Birnbaum, 114 App. Div. 480–483, 100 N. Y. Supp. 160, 162, the court stated:

"In his motion for a new trial, the defendant claims that the jury were influenced by facts not proved. This claim rests upon the affidavit of the attorney for the defendant to the effect that a juror informed him, after the rendition of the verdict, that the jury understood that there were 11 other similar transactions pending against the defendant. This is hearsay evidence, and, moreover, under the well-settled rule the jurors cannot be heard to impeach their verdict."

The question of fact herein was submitted to the jury to pass upon, and they clearly rendered their verdict upon the facts. The court would be usurping the functions of the jury in setting the verdict

aside, or, in other words, placing itself as the court and the jury in the disposition of the case.

[2] It is the duty of the court to set aside a verdict where it is made to appear that there has been a miscarriage of justice, but before a verdict can be nullified the proof of misconduct should be clear and convincing and not merely conjectural. The information conveyed to the attorney for the plaintiff by one of the jurors did not prejudice the rights of the plaintiff herein, and the affidavit which is now presented on this motion is insufficient for the court to exercise its discretion in setting aside the verdict on the grounds urged. The motion must, therefore, be denied.

Motion denied.