[1] A party may not thus impeach his own witness (Power v. Brooklyn Heights R. R. Co., 157 App. Div. 400, 142 N. Y. Supp. 592), and this rule seems to hold good where a party upon cross-examination calls out new matter from a witness sworn by his adversary. The cases are collated and discussed in Deutschmann v. Third Ave. R. R. Co., 78 App. Div. 413, 79 N. Y. Supp. 1043, where it is said:

"The rule is well settled that where, upon cross-examination, a party calls from an opposing witness matters not brought out on his direct examination, he makes the witness to that extent his own, and as to such new matters he cannot contradict him in regard to it, since the effect would be to permit one to impeach his own witness [citing cases]."

[2] The examination respecting the contents of the letter was not to refresh the recollection of a hostile witness, by whose testimony counsel had been surprised, as is sometimes permitted (Bullard v. Pearsall, 53 N. Y. 230; Coulter v. American Merchants' Un. Ex. Co., 56 N. Y. 585; People v. De Martini, 213 N. Y. 203, 107 N. E. 501; Iveson v. United Traction Co., 159 App. Div. 27, 143 N. Y. Supp. 1077), but, as was specifically stated by counsel, to affect his credibility. We hold that the contents of this letter was of no probative force to show the condition of the machine, and that it could not be received for the purpose of impeaching the witness or affecting his credibility.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

PERRY v. NEW YORK CENT. & H. R. R. CO. (No. 288–4.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

1. NEW TRIAL ☞42—DISQUALIFICATION OF JUROR—MOTION TO SET ASIDE VERDICT.

Where a juror, when examined previous to acceptance, had forgotten that he had knowledge that there had been a previous nonsuit in the case, answering that he knew nothing of the case, there being no suggestion in plaintiff's notice of motion to set aside verdict for defendant that the juror's answer was consciously untruthful, the fact of nonsuit having been later distinctly stated before the whole jury, the circumstance was no ground for an order setting aside the verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 74–79; Dec. Dig. ☞42.]

2. NEW TRIAL ☞119—SECOND MOTION—LACHES.

Where plaintiff moved to set aside the verdict on the ground of misconduct of the jury, which motion was denied, an interview being had with a juror December 12, 1912, eliciting further facts tending to impeach the verdict, plaintiff not noticing her motion for new trial therefor until April 25, 1913, there being no excuse for such unwarranted delay, plaintiff's second motion should have been denied for laches.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 243; Dec. Dig. ☞119.]

3. NEW TRIAL ☞143—PROCEEDING TO PROCURE—IMPEACHMENT OF VERDICT.

Affidavits reciting statements made to the deponents by jurors tending to show misconduct on the part of the jury could not be heard on the hearing of plaintiff's motion for new trial on the ground of misconduct,

since the declarations of jurors are not competent to impeach their verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. ☞143.]

4. NEW TRIAL ☞53—MISCONDUCT OF JUROR—FAILURE TO OBJECT.

Where plaintiff, at the trial, did not object to the conduct of a juror in showing approval when strong points were made for defendants, and an appearance of apathy when plaintiff's evidence was going in, plaintiff waived her right to object to the verdict on the ground of disqualification of the juror through interest, since he could not speculate on the result of the trial, relying on the disqualification of a juror, if unsuccessful in the action.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 106–115; Dec. Dig. ☞53.]

Appeal from Special Term, Orleans County.

Action by Jennie Perry, as administratrix, etc., of John G. Perry, deceased, against the New York Central & Hudson River Railroad Company. Verdict and judgment for defendant, dismissing the complaint. From an order granting plaintiff's motion for new trial, defendant appeals. Order reversed, and motion denied.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

M. C. Spratt, of Buffalo (Hoyt & Spratt, of Buffalo, of counsel), for appellant.

S. Wallace Dempsey, of Lockport (Seaman & McCollum, of Lockport, of counsel), for respondent.

PER CURIAM. [1] As stated in plaintiff's notice of motion, the grounds upon which she sought to set aside the verdict of the jury and the judgment entered thereon were the alleged incompetency and misconduct of the jurors, and particularly that of two jurors specifically named. The affidavits in support of the motion recited statements by individual jurors made to affiants after the trial, and also observations of the demeanor of one of the jurors during the course of the trial, which it was claimed plainly indicated that from the beginning of the trial he was prejudiced in favor of the defendant and against the plaintiff. It was further asserted that another juror had served as a juryman at the term of court at which a previous trial of the action had been had (though he was not a juror who sat in that trial), which resulted in a nonsuit, of which fact he had personal knowledge. It appears that, when the juror last referred to was examined before his acceptance as a juror, the fact that he had known of the nonsuit had escaped his recollection. There is no suggestion that his answer at that time that he knew nothing about the case was consciously untruthful. Under the circumstances disclosed by the record, we think it was not made to appear that plaintiff's interests were in any way prejudiced on the trial by the fact that this juror's recollection as to his knowledge of the prior nonsuit was temporarily at fault, especially since it appears from the minutes of the last trial, which were among the papers used on this motion, that the fact of the

nonsuit was distinctly disclosed in the presence and hearing of the whole jury. In granting the order it appears that the learned justice correctly attached no significance to the suggestion that this juror was disqualified.

[2] The trial was finished June 5, 1912, and shortly thereafter the jurors were interviewed in plaintiff's behalf, and, as stated by the trial justice, who afterwards at Special Term granted the motion for the order appealed from, in his opinion, the person who interviewed them "on July 12, 1912, made an affidavit setting forth the principal facts relied upon on this motion." The other affidavits used on the motion, though verified at subsequent dates, contain no additional facts not then known to plaintiff's attorneys, except a recital of a subsequent interview with one of the jurors, whose statement to the person who made the affidavit of July 12th, above referred to, is embodied in that affidavit. This last interview was had as early as December 12, 1912, as appears by the affidavits purporting to give the substance of it. Meanwhile plaintiff's motion for a new trial seems to have been made, and later denied. The present motion for a new trial was not noticed until April 25, 1913. No excuse is offered by plaintiff for this unwarranted delay that would serve even as an apparent reason for it beyond the date of the interview with the juror on December 10, 1912 above referred to. We think the motion should have been denied for laches.

[3] The court at the hearing, on motion of defendant's attorneys, directed that the affidavits upon which the motion was made "be stricken out and not read on the hearing, so far as they purport to contain a recital of statements made to the deponents by jurors, on the ground that such statements are incompetent, as tending to impeach the verdict by the declarations of jurors, and as hearsay." In support of this ruling the court cites in his opinion the cases of People v. Birnbaum, 114 App. Div. 480, 100 N. Y. Supp. 160, Broadway Building Co. v. Saladino, 81 Misc. Rep. 73, 142 N. Y. Supp. 1076, and Hanor v. Housel, 128 App. Div. 801, 113 N. Y. Supp. 163. These cases and others, including those cited therein, furnish ample authority for the ruling of the court in that regard.

[4] These statements having been eliminated from consideration, there remained in support of the motion the affidavits as to the demeanor of one juror on the trial, which it was claimed indicated a prejudice or bias against the plaintiff and her witnesses, and in favor of defendant, arising from some influence, knowledge, or suggestion received from a source outside of the proceedings during the trial. This was supplemented by the recollection of the court as to his observations of the demeanor of this juror during the trial. The manner of the juror during the trial is recited in the order to have been "an appearance of keen interest and approval when strong points were made for the defendant, and an appearance of indifference and incredulity at times when plaintiff's evidence was given." The demeanor of the juror, if it may be held to have warranted the conclusion that he was improperly biased against plaintiff and in favor of the defendant, upon which we express no opinion, was, as appears by the affidavits and by the

statements made by the trial court, observed during the course of the trial, and was, as appears, called to the attention of plaintiff's attorneys by the trial court during the course of the trial. Notwithstanding this fact, no effort appears to have been made at the time to investigate, by inquiry of the juror or otherwise, whether the suspicion of bias, which his demeanor had aroused, was well founded, and the trial proceeded to its conclusion without objection, or suggestion to the contrary, on the part of plaintiff. We are of the opinion that by so doing plaintiff waived her right to object to the verdict upon the ground of the disqualification of the juror. A party should not be permitted to disregard the open warning that a juror was objectionable, and, having speculated on the result of the trial, successfully assert that there had been no waiver of the right to object that the juror was disqualified. Werner v. Interurban Street Railway Co., 99 App. Div. 592, 91 N. Y. Supp. 111; Queenan v. Oklahoma, 190 U. S. 548, 23 Sup. Ct. 762, 47 L. Ed. 1175.

Order reversed, with $10 costs and disbursements, and motion denied.