JOHN CURRY, Plaintiff, *v.* WILLIAM QUAIT, Defendant.

(Supreme Court, Livingston Trial Term, July, 1917.)

Verdict — motion to set aside, when granted — affidavits — trial — misconduct of juror.

Upon a motion to set aside a verdict and for a new trial neither the affidavits of jurors, nor of other parties, detailing what jurors had said about the case which would tend to impeach the verdict rendered therein, may be considered.

Where a juror does not deny that pending the trial of a negligence action he visited the scene of the accident, as stated in the affidavit of disinterested parties, and neither he nor any of his fellow jurors who made affidavits read in opposition to a motion to set aside the verdict in favor of defendant stated that the subject of the juror's visit which was made more than nine months after the accident occurred, and what he discovered on that visit, was not discussed or argued by the jury during their deliberations, the motion will be granted.

Motion by plaintiff to set aside a verdict and for a new trial.

William A. Wheeler, for plaintiff.

Newton, O'Connor & Newton, for defendant.

Clark, J.   This action is for damages growing out of an automobile accident which occurred in the fall of 1916 on a highway just outside the fair grounds in the village of Avon, Livingston county, N. Y.  Plaintiff claimed that defendant negligently ran into him with his automobile as he was crossing a highway, and defendant's contention was that the accident was caused by plaintiff's own negligence.  The case was tried at the June, 1917, trial term in Livingston county and resulted in a verdict for defendant.

Plaintiff moves for a new trial and that the verdict be set aside on account of the alleged misconduct of one of the trial jurors, the claim being that on the morning of the second day of the trial and before court had convened, one of the jurors, John Grey, without the knowledge or consent of the court, or any party connected with the case, went to the scene of the accident and spent some little time looking over the territory with great care, walking up and down the highway where the accident occurred and looking on all sides of the road "as if he had lost something."

Among the moving papers was an affidavit of Edward A. Nobel, detailing a conversation he claimed to have had with the juror John Grey, after the trial, and an affidavit of William A. Wheeler, attorney for plaintiff, verified July 7, 1917, giving the substance of talks had with various jurors after the trial, in which it is claimed they stated that Mr. Grey told his fellow jurors during the consideration of the case in the jury

room, that he had visited the scene of the accident during the trial, and gave them the information he had acquired on such visit.

Defendant filed preliminary objections to the consideration of these affidavits on the ground that they tended to impeach the verdict of the jurors and as hearsay.

The preliminary objections are sustained, and neither the affidavit of Edward S. Noble nor the affidavit of William A. Wheeler, verified July 7, 1917, is considered on the disposition of this motion.

Neither affidavits of jurors, nor of other parties, detailing what jurors have said about a case that they had decided by their verdict, which would tend to impeach that verdict, are admissible. *Broadway Building Co.* v. *Saladino,* 81 Misc. Rep. 73; *Perry* v. *N. Y. C. & H. R. R. R. Co.,* 169 App. Div. 83.

Without considering the above affidavits which are stricken out, it is clearly established by the affidavits of disinterested parties that on the morning of the second day of the trial, and before the opening of court, one of the jurors who was hearing the case went to the scene of the accident, walked up and down the highway two or three times, examining the locality closely and carefully. Each of the twelve jurors who tried the case makes affidavit that " he reached the conclusion that the plaintiff had failed to make out a cause of action against the defendant, and in reaching that conclusion deponent acted solely upon the evidence produced at the trial and the instructions of the court."

But the juror John Grey nowhere denies that he visited the scene of the accident when the trial was pending as claimed by plaintiff, and neither he nor any of his fellow jurors who made affidavits read in opposition to this motion stated that the subject of

juror Grey's visit and what he discovered on that visit was not discussed or argued by the jury during their deliberations.

In the case of *Dittman* v. *City of New York*, 58 Misc. Rep. 52, relied on by defendant, the affidavits of the jurors, in addition to the statement that their verdict was founded solely on the evidence and the instructions of the court, plainly stated that " ' the alleged visit to or knowledge of the locality of the accident by one or more of the jurors * * * was not discussed or argued by the jury nor was it argued in our deliberations.' " That case is clearly distinguishable on the facts from the case at bar.

The visit of the juror John Grey to the scene of the accident during the trial was highly improper, however innocent the purpose of that visit may have been.

If these facts had been brought to the knowledge of the court before the case was submitted and a verdict had been received and recorded, it would very likely have been the duty of the court to direct a mistrial, and the duty is none the less plain now in the interest of justice to see that the case is disposed of on the evidence and that alone, without the possibility of any other consideration or influence entering into the deliberation of the jury. This visit of the juror to the scene of the accident was made more than nine months after the accident occurred, and undoubtedly put him in possession of facts as to the surroundings there which were likely to influence his verdict, and it is not fair or right that such conduct be entirely overlooked because of the statement made in the juror's affidavit after this visit had been discovered, that it did not influence his action as a juror. Whether it did or not, it was likely to do that very thing.

It is hardly necessary to cite authorities holding

that such conduct on the part of a juror, no matter how well intended, is sufficient ground for setting aside a verdict, but *Matter of Vanderbilt*, 127 App. Div. 408; *Johnson* v. *Riter-Conley Mfg. Co.*, 149 id. 543; *Buffalo Structural Steel Co.* v. *Dickinson*, 98 id. 355, and *Adams Laundry Machine Co.* v. *Prunier*, 74 Misc. Rep. 529, are among the more recent cases holding that doctrine.

This case was a close one on the facts and if it had not been for the unfortunate act of the juror above referred to there could not have been a fairer trial and it is to be regretted that it seems necessary to grant the relief demanded by this motion, but the parties are entitled to a fair trial, and it would not be such to have a verdict stand which possibly and very likely was influenced to some extent by knowledge of material facts acquired by at least one juror, entirely outside the evidence. Motion granted, with costs to abide the event.

Motion granted.