Benjamin Brenner, J.
Motion to set aside the jury’s verdict in favor of defendant in an action to recover for personal injuries, upon the ground that one of the jurors visited the scene of the accident and reported his observations to the jury during their deliberations.
The supporting affidavit of plaintiff’s trial attorney states that immediately following their discharge, one of the jurors, Scanlan, approached the affiant and a colleague and informed them in the presence of Raymond A. Sexton, Esq., the defendant’s trial attorney, that another juror, Reznik, had visited the scene of the accident the evening before the verdict was rendered and had reported his observations to the jury, on the following day, during the deliberations of the jury. Plaintiff’s trial attorney further states that he then approached Reznik, who admitted all this in the presence of his colleague and Mr. Sexton.
Mr. Sexton’s opposing affidavit avers that he did not hear juror Reznik state that he had reported his inspection to the other members of the jury, during their deliberations, nor did he, Mr. Sexton, hear juror Scanlan attribute such alleged state *608 ment to Reznik, but that, on the contrary, Reznik stated that he told the jury of the inspection after the deliberations were concluded and a vote on the verdict had been taken.
Statements made outside of court by a juror following trial, and affidavits made by a juror after the trial, may not be used to impeach the verdict of the jury and are not competent proof to establish misconduct of a juror (People v. Sprague, 217 N. Y. 373; Payne v. Burke, 236 App. Div. 527; Davis v. Lorenzo’s, Inc., 258 App. Div. 933). The rule is founded on sound public policy (see Payne v. Burke, supra, pp. 529, 530). Affidavits of third parties containing statements made to them by a juror or jurors subsequent to the trial are likewise incompetent (People v. Sprague, supra; Gregory v. Bijou Theater Co., 138 App. Div. 590; Bennett v. Nazzaro, 144 Misc. 450).
Plaintiff concedes that affidavits of the attorney and of the jurors are inadmissible as proof of misconduct; however, she contends that knowledge of a juror’s misconduct can be made known in other ways that are admissible, citing Curry v. Quait (100 Misc 604) in support of his position. In that case affidavits of disinterested parties were held to constitute such competent proof. Plaintiff, however, does not submit disinterested proof here. She argues that the statement contained in Mr. Sexton’s affidavit constitutes a concession that the juror Reznik did actually visit the scene of the accident. But Mr. Sexton’s affidavit concedes only that juror Reznik stated that he had visited the scene and it makes no concession that such statement is true. Furthermore, the affidavit refers to a disclosure made by Reznik after, and not before, the deliberations of the jury were concluded. Thus plaintiff presents proof which, if not incompetent, is of little probative value for not every unauthorized view of an accident scene results in prejudice (Sindle v. 761 Ninth Ave. Corp., 127 N. Y. S., 2d, 258, affd. 283 App. Div. 938), particularly where the inspection is not discussed with the other jurors (Dennis v. Tishman, 141 Misc 847).
It will be observed that in Sindle v. 761 Ninth Ave. Corp. (supra) the court had occasion to note that it regarded it to be a violation of professional ethics for a lawyer to approach members of the jury, after the rendition of a verdict. Plaintiff therefore relies both upon incompetent proof as well as proof obtained by her attorney in violation of professional ethics, either of which alone would appear to be adequate ground for denial of the motion.
Moreover, since 1937, a unanimous verdict is no longer required in civil cases but may be rendered by not less than *609 five sixths of the jurors (Civ. Prac. Act § 463-a). Although research has not disclosed cases expressly passing upon the point, it would logically appear that if a juror has not disclosed his unauthorized visit to the other members of the jury and their verdict is unanimous, no prejudicial harm results sufficient to warrant setting it aside inasmuch as the verdict could not have been changed by the misconduct of a single juror under such circumstances.
Finally, it may not be amiss to note that plaintiff has not even bothered to make the essential assertion for setting a verdict aside that the evidence presented at the trial was insufficient to sustain the verdict based on the condition of the stairway at the time of the accident.
The motion is accordingly denied. Settle order on notice.