Chief Judge Desmond (dissenting).
The catch phrase “ jurors may not impeach their verdict” does not dispose of the proof that these jurors, depriving defendants of a basic protective right, went on their own to the crime scene, investigated there to check on the officers’ testimony and reported back to their fellow members of the jury, all without the knowledge of court or counsel. The rule prohibiting self-impeachment by jurors is stretched too far and in the wrong direction when it is used to validate such a transgression of fundamental fair trial rules.
*297 The rule has been so applied on occasion in some lower courts (Clum v. Smith, 5 Hill 560; Sindle v. 761 Ninth Ave. Corp., 127 N. Y. S. 2d 258, affd. 283 App. Div. 939; Tartacower v. New York City Tr. Auth., 9 Misc 2d 606; also perhaps in Haight v. City of Elmira, 42 App. Div. 391, 395). There is no doubt, however, that the rule and its purposes primarily and reasonably relate to affidavits or statements by jurors describing juryroom deliberations and methods of arriving at verdicts and error or misconduct or mistake in doing so (Dalrymple v. Williams, 63 N. Y. 361, 363; Slater v. United Traction Co., 172 App. Div. 404, 405; Stein v. New York, 346 U. S. 156, 178). As Wigmore puts it (8 Wigmore, Evidence [McNaughton rev.], § 2349), the effort is to protect against the jurors being questioned after verdict as to their methods of decision or their motives, beliefs, intention or understandings. Wigmore points out (see §§ 2353-2354) that it is anomalous that in most States while the affidavits of jurors cannot be used to go behind the verdict itself, nonetheless an illegal view by jurors is a ground for setting aside a verdict (see Code Crim. Pro., § 465) if the fact be established by someone other than a juror. There is an interesting opinion by Justice Breniíait in State v. Kociolek (20 N. J. 92, 98-100) in which he reminds us that the early common law had none of these prohibitions and that when the rule against impeachment was adopted in England it expressed only a policy against post-trial questioning of jurors as to how they arrived at their verdict. As Justice Bbeiwak shows, this policy does not reasonably apply to proof that jurors without authority went out and procured illegal evidence on which they acted.
Without destroying the rule where it properly applies we should hold that it does not apply to a situation like this where the investigation is not as to what happened in the juryroom or why, but as to a fact (illegal view) which has always been considered to be a strong ground for setting aside a verdict (see Code Crim. Pro., § 465, supra; People v. Gallo, 149 N. Y. 106, 114 et seq.).
I would reverse and send the case back to the Trial Judge to hold a hearing to determine whether a new trial should be granted on proof that certain jurors visited and inspected the scene of the alleged crime.
*298 Judges Yak Yoorhis, Scileppi and Bergak concur with Judge Dye; Chief Judge Desmokd dissents in an opinion in which Judges Fuld and Burke concur.
Judgments affirmed.