Wachtler, J.
(dissenting). I would vote to reverse and *746 hold as a matter of law that the misconduct of the juror in this case requires that the verdict be set aside.
We are presented here with the affidavit and testimony of the jury foreman acknowledging that without authorization he visited the scene of the automobile accident and conducted a “test” designed to “get the sensation of what may have happened on the morning of the accident”. The test was conducted by the juror driving his passenger automobile, which was significantly different from defendant’s 4,300 pound pick-up truck, around the curve on a clear afternoon and on a dry road surface significantly different from the icy surface existing on the day of the fatal crash.
The principal factual question in the trial was whether the plaintiff’s car edged into the defendant’s lane, thus causing defendant to lose control in an avoidancy maneuver, or whether defendant’s excessive speed caused his truck to drift into the plaintiff’s path. Expert testimony was presented concerning the radius of the turn, critical speed, centrifugal force and the coefficient of friction. In addition, in the confines of the jury room and away from the safeguards of cross-examination, the jury was exposed to an unsworn witness, the jury foreman no less, who related spurious evidence concerning what apparently went to the heart of the case.
Despite the majority’s conclusion that because the visiting juror voted for the losing party the information could not have been prejudicial, the fact remains that we simply do not know precisely how or whether the jury used the information provided. In this situation the misconduct is presumed to be harmful (Adams Laundry Mach. Co. v Prunier, 74 Misc 529, 531, affd 153 App Div 930, affd 214 NY 637) and I find no sufficient basis in this record for the conclusion that the presumption was rebutted.
Few principles in our jurisprudence are more inviolate than that due process requires a trial to be based only on the evidence produced within the procedural safeguards of the court. To be sure, no trial can be perfect, but we have cloaked our trials with specific rules designed to preserve the integrity of our judicial process. Here a most basic rule was violated and the Trial Judge was correct in his deter- *747 initiation that the interests of justice required that a mistrial be declared.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur in memorandum; Judge Wachtler dissents and votes to reverse in an opinion in which Judge Meyer concurs.
Order affirmed.