(42 App. Div. 391.)

### HAIGHT v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department.   July 6, 1899.)

1. MUNICIPAL CORPORATIONS—INJURIES FROM DEFECTS IN STREET.
    A city is liable for an injury caused by an accumulation of snow and ice which it negligently permits to remain in its street.
2. NEW TRIAL—MISCONDUCT OF JUROR.
    An affidavit of a juror is inadmissible to show misconduct of the jury, as ground for a new trial.
3. SAME.
    A new trial on the ground of misconduct of a juror is properly refused where the single affidavit showing such misconduct is denied by the juror.
4. SAME.
    Where the injury complained of was caused by an accumulation of snow and ice in a street, and there was no conflict as to location and condition of the street itself, misconduct of jurors in visiting and examining the place after the snow had melted may be presumed to have caused no injury to defendant.
5. SAME—NEWLY DISCOVERED EVIDENCE.
    Defendant is properly refused a new trial for newly-discovered evidence, consisting of photographs of the place of the accident, taken by plaintiff's attorney, where he knew of the existence of such photographs before the trial.
6. SAME.
    Where an action for alleged permanent injuries was not brought until two years after the accident complained of, defendant is properly refused a new trial, for newly-discovered evidence as to plaintiff's condition before and after the accident, where no satisfactory reason is given for failure to produce such evidence at the trial.
7. SAME.
    In an action for injuries caused by an accumulation of snow in a city street, newly-discovered evidence, consisting of a photograph taken after part of the snow had been removed, is not ground for a new trial.
8. SAME.
    Where the amount of damages recovered is not excessive for the injuries which plaintiff concededly received, and affidavits that she was crippled before the accident are controverted by other affidavits, a new trial is properly refused, since the court could assume that the result would not be changed.

Appeal from special term, Chemung county.

Action by Olive M. Haight against the city of Elmira.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Dennis P. Lynch, for appellant.

Judson A. Gibson, for respondent.

PUTNAM, J.   This action was brought to recover damages for injuries received by the plaintiff on the 1st day of February, 1895, by reason of the alleged negligence of the city of Elmira in permitting an embankment of snow and ice to remain upon the roadway of Pennsylvania avenue, one of the public streets of said city, near its junction with Franklin street.   The embankment was formed by a heavy snowstorm which occurred on the 27th day of December, 1894,

by ice and snow removed from the sidewalk, the crosswalk on the north side of Franklin street, and from the street railroad. It was 15 or 18 inches high near the sidewalk, and gradually sloped down therefrom to the railroad tracks, at which point there was a rut, described by the witnesses as from 4 to 6 inches deep, which caused the rail to extend that distance above the ground. At the time mentioned, the plaintiff, in a sleigh driven by her husband along Pennsylvania avenue, came to this obstruction. The sleigh slipped down to the rail and was overturned, and she was seriously injured. The plaintiff's husband testified that he could not see the embankment until he came right upon it. Numerous accidents were shown to have been caused by this obstruction at or about the time of the injury to the plaintiff.

The appellant urges that the court erred in denying its motion for a new trial upon the minutes, as it was not, as a matter of law, chargeable with negligence, under the facts appearing by the testimony on the trial. The principle appears to be established that while a municipal corporation may not be liable in an action for an injury resulting from a mere slippery condition of the sidewalks on its streets, caused by a low temperature, in consequence of which all the streets become coated with ice, where there is no ridge or accumulation of ice on a walk (Anthony v. Village of Glens Falls, 4 App. Div. 218, 38 N. Y. Supp. 536; Id., 153 N. Y. 682, 48 N. E. 1104), such corporation is liable if it negligently permits an accumulation of ice and snow, in consequence of which one walking on the street receives an injury (Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43; Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130; Kinney v. City of Troy, 108 N. Y. 567, 15 N. E. 728). There is no reason why the principle thus established in reference to sidewalks should not be applied where the negligence of a municipal corporation consists in allowing a dangerous accumulation of ice and snow in the roadway of its streets, in consequence of which one driving thereon is injured. Hirsch v. City of Buffalo, 21 Wkly. Dig. 312. We do not deem it necessary to enter into a discussion of the evidence produced by the parties on the trial. We have carefully examined and considered such evidence; and we think, under the authorities above referred to, that it presented a question of fact, which the trial judge was compelled to submit to the jury, and that it permitted a finding that the accumulation of ice and snow at the place in Pennsylvania avenue where the plaintiff was injured had existed in substantially the same condition as on the 1st day of February, 1895, for over a month prior thereto, and that it formed a dangerous obstruction, which it was the duty of the city of Elmira to remove; that the injury to the plaintiff would not have occurred, had such obstruction not existed; that it was negligence, as charged in the complaint, for the city to permit this accumulation of snow and ice on the street for over a month before the accident; and, hence, that the trial judge was right in submitting the question of the defendant's negligence to the jury, and denying the motion for a new trial.

After the rendition of the verdict a motion was made by the defendant for a new trial on the ground of misconduct on the part of

certain members of the jury, and also of newly-discovered evidence. From the order denying such motion, an appeal is taken.

The misconduct claimed on the part of members of the jury was that while the trial of the case was proceeding they visited the scene of the accident, and made an investigation, of their own accord. The affidavits of two of the jurors were produced, stating that several of the members of the jury stated that they had visited and examined the place where the accident occurred, and that after the jury had retired for deliberation such jurors argued on the basis of what they had thus discovered. One of said affiants stated that during the course of the trial he personally went to the place of the accident, made an investigation, and examined the situation of the street-railroad track, walk, curbing, roadway, and other marks and fixtures of the locality. One Burritt, not a member of the jury, also stated in an affidavit that, while the trial of the case was proceeding, he saw Isaac Allen, one of the jurors, with others, whom he was informed were members of the jury, at the place in question, and that said Allen and another juror were pacing off distances and measurements with their legs. It is held that the affidavit or admission of a juror cannot be received to show irregularity or misconduct on his own part or that of his fellows (Clum v. Smith, 5 Hill, 560; White v. Jones, 86 Hun, 58, 34 N. Y. Supp. 203), although such an affidavit may be read to sustain a verdict (Moore v. Railroad Co. [Com. Pl.] 8 N. Y. Supp. 329). There was no competent proof, therefore, before the court below, on which he could have granted the defendant's application, as far as it was based on the alleged misconduct of members of the jury, except the affidavit of said Burritt. But the statements in the affidavit of Burritt were denied in that of the juror Isaac Allen. The court below was authorized, as it did, to believe the statement contained in the latter affidavit, and hence to hold that there was not sufficient proof to sustain the defendant's motion. Again, the affidavits of seven members of the jury, read by the plaintiff, tended to contradict and discredit those on which the motion was based, and to show that in deliberating upon a verdict the members of the jury considered and discussed only the evidence offered by the parties in court, and were not influenced by any inspection, if made by some of the members of the jury. Irregularity or misconduct of members of a jury is not a ground for granting a new trial, where it is to be presumed that such misconduct did not produce injury to the moving party. Moore v. Railroad Co., supra; Harrison v. Price, 22 Ind. 165, 166; Whelchell v. State, 23 Ind. 89–91; City of Indianapolis v. Scott, 72 Ind. 196–205; Smith v. Thompson, 1 Cow. 221; Com. v. Roby, 12 Pick. 496–516. The trial judge, we think, was justified in presuming that the misconduct of certain members of the jury, if there was any, did not injuriously affect the interests of the defendant. The negligence attributed to the city, and on account of which the plaintiff claimed to recover damages, was in permitting an accumulation of snow and ice on Pennsylvania avenue. The real question on the trial was as to the height, shape, and situation of this obstruction in the street, and its distance from the railroad track. When it is claimed members of the jury examined the locality, the snow and ice had melted, and the

obstacle was gone.    They could not see the place as it was on the 1st
day of February, 1895.    The examination in 1897 of the place where
the plaintiff was injured could give them no information as to its con-
dition at the time of the accident, or any information that would prob-
ably affect their verdict.    There was no substantial conflict in the
testimony on the trial as to the location of Pennsylvania avenue at
its junction with Franklin street, the situation of the railroad track,
the width of the sidewalk, and its distance from the rail.    It is diffi-
cult to see, therefore, how an inspection of the spot by members of the
jury, by which they could only have learned facts not disputed by the
parties on the trial, could have produced any injury to the defendant.
The court below therefore could properly determine that the alleged
misconduct of certain members of the jury did not affect the verdict.

The newly-discovered evidence upon which the defendant moved for
a new trial related to certain photographs taken by the plaintiff's at-
torney of the place where the accident occurred, subsequent to the
1st day of February, 1895, and to the plaintiff's condition before and
after the trial.    The rule applicable to such a motion was stated by
Martin, J., in Glassford v. Lewis, 82 Hun, 46–48, 31 N. Y. Supp. 162,
163:

"It must appear that the evidence has been discovered since the trial; that it
could not have been obtained upon the former trial by the exercise of rea-
sonable diligence; that it was material to the issue, and goes to the merits of
the case; that it was not merely cumulative; and that its character is such
that it would probably have changed the result.  When these facts appear,
and the court is satisfied that the ends of justice will be promoted by allowing
the moving party an opportunity to present the newly-discovered evidence, the
motion will be granted."

Under those rules, the defendant failed to show a state of facts en-
titling it to a new trial.    The attorney for the city knew of the ex-
istence of the photographs long prior to the trial, and it cannot be
doubted that, had he exercised proper diligence, he could have pro-
cured their production thereat.

So as to the newly-discovered evidence relating to the condition of
the plaintiff before and after she was injured.    The trial occurred
about two years subsequent to the accident.    The complaint alleged
serious and permanent injuries resulting from the negligence of the
defendant in permitting a dangerous obstruction in the streets.    The
defendant knew that the condition of the plaintiff, both before and
after the accident, was a proper subject of proof, and no satisfactory
reason is given for its failure to procure and produce the alleged new-
ly-discovered evidence on the trial.

But, had the defendant shown the exercise of proper diligence, the
motion, we think, was properly denied.    It was shown by several
affidavits that when the photographs were taken the situation at the
place of the accident had been changed.    A portion of the embank-
ment of ice and snow had been removed, and hence the pictures did
not represent the place as it was on the 1st day of February, 1895.
The photographs, therefore, probably were incompetent as evidence
in the case, as one of the affidavits states the defendant's attorney
claimed when he inspected them; but, if they were, they could not

be deemed important, or such evidence as would probably change the result on a new trial.

The alleged newly-discovered evidence relating to the plaintiff's condition before and after the trial could only be material on the question of the amount of damages. While the defendant read many affi-. davits to the effect that the plaintiff before the 1st day of February, 1895, was lame, crippled, and diseased, and also relating to her condition afterwards, those affidavits as to her condition before and after the accident were controverted by a larger number produced by the plaintiff on the hearing of the motion. The court below was justified in determining that if, on a new trial, the several parties whose affidavits were read (some of them tending to show that the plaintiff was diseased and crippled, and a larger number a contrary state of facts) were called as witnesses, the result as to the amount of damages would not be changed, especially as it was shown by the testimony on the trial that as a result of the accident the plaintiff suffered a fracture of the bone in the vicinity of the hip joint, causing a deformity which was irremediable and permanent, and other injuries, and the amount of the damages awarded by the jury was not excessive for the serious and permanent injuries the plaintiff concededly received. Had the defendant, therefore, shown proper diligence, we think the court below was right in determining that the alleged newly-discovered evidence would not probably, on a new trial, change the result. The judgment and order should be affirmed, with costs. All concur.