<hr />

(98 App. Div. 355)

## BUFFALO STRUCTURAL STEEL CO. v. DICKINSON.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. TRIAL—VIEW—STATUTES—APPLICATION.

　　Code Civ. Proc. § 1659, provides that in an action for waste it is not necessary that the jury, the judge, or referee should view the property, but where the trial is by referee, or by the court without a jury, the referee or the judge may, in his discretion, view the property, and direct the attorneys for the parties to attend accordingly; in any other case

the court may, in its discretion, by order, direct a view by the jury. *Held*, that such section was applicable to actions for waste only, and did not authorize the court to direct a compulsory view in an action for work done and material furnished.

2. SAME—MISCONDUCT OF JURORS.

Where, during the trial of an action for work done and material furnished, two of the jurors during a recess took a view of the property in question for the purpose of enabling them the better to understand the evidence, the misconduct of the jurors was not cured by the court's erroneously directing a view by the entire jury over defendant's objection.

Appeal from Special Term, Erie County.

Action by the Buffalo Structural Steel Company against Charles E. Dickinson. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The action was commenced on the 15th day of February, 1902, to recover $5,339.79, with interest thereon from January 1, 1902, the balance which the plaintiff claimed was due and owing to it from the defendant for furnishing and erecting the structural steel and iron required in the reconstruction of a certain factory building in the city of Lockport, N. Y., under a contract by which the plaintiff obligated itself to complete the work specified on or before the expiration of 14 weeks from July 27, 1901, the date of the contract. The plaintiff alleged that it furnished the material and did the work called for by the contract; admitted that it was not completed within the time specified, but alleged that such result was caused solely through the fault of the defendant, and that, except for such fault, it would have fully complied with the terms of the agreement. The defendant, by his answer, admitted the making of the contract and its terms substantially as alleged in the complaint; denied that the failure of the plaintiff to complete the work within the prescribed time was caused by any fault or omission on his part; and alleged that, through the neglect and fault of the plaintiff in that regard, he sustained damage in the sum of $3,000, which he duly pleaded as a counterclaim. The issues thus framed came on for trial before the court and a jury. About noon of the third day of the trial the plaintiff closed its evidence and rested, and defendant's counsel commenced his opening address to the jury, and, while detailing the manner in which certain parts of the building were constructed, was interrupted by one of the jurors, who stated, in substance, that he knew what the construction was; that he had visited the building that morning and examined it. At the close of the opening the court, upon its own motion, called the juror to the witness stand, and he testified that on the morning of that day he and another juror visited the premises and made a thorough examination of the structure, which at the time, concededly, was not in the same condition as when the plaintiff finished the work. The other juror was also examined by the court, and testified substantially as did the first one examined. Both stated that their purpose in inspecting the building was to enable them to understand and appreciate the evidence given by the respective parties, and that they were entirely impartial as between them. The court thereupon suggested to plaintiff's counsel that, if a motion was made for an inspection of the premises by the entire jury, it would be granted. Such motion was made, and, notwithstanding defendant's objections, the entire jury was put in the custody of officers and directed to inspect the building. Permission was given to counsel to accompany the jury, but defendant's counsel stated that they would take no part in it. The jury, accompanied by the officers, did inspect the building, and, upon their return into court, defendant's counsel objected to any further proceedings being taken in the case, upon the ground of the misconduct of the jurors. The objection was overruled, an exception duly taken, and the trial proceeded. In his charge the court said: "The court has permitted you to go down and look over these premises. That, of course, was not for the purpose of permitting any observation that you made there to interfere with any of the evidence given in the case, because you are bound by the evidence given here. The sole purpose of permitting this inspection was, in the language of the

Court of Appeals of this state, to enable the jurors to more accurately under-
stand and more fully appreciate the testimony of the witnesses given upon
this trial. And of course the view which you made of these premises will be
limited strictly to the purposes stated, namely, to enable you to understand
and appreciate the testimony given by the witnesses here." The jury ren-
dered a verdict in favor of the plaintiff for $4,791.66, and judgment was
thereupon entered against the defendant for that amount, besides costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

A. C. McCall (Eugene Bartlett, of counsel), for appellant.
Moses Shire, for respondent.

McLENNAN, P. J. It is clearly misconduct on the part of ju-
rors during the progress of a trial, of their own motion, to visit and
inspect premises which are the subject of the litigation. Such an
examination may put them in possession of facts which, although
incompetent, would have a potential influence upon their decision,
and the parties would have no opportunity to explain such facts
or to counteract such improper influence. By such conduct the
jurors are, in effect, obtaining evidence, the nature or importance
of which it is impossible for the parties to know. A jury trial is a
public proceeding, as well in respect to the production of proof as
to the instruction of the jury by the judge. The parties have a
right to be heard in respect to everything transacted, and to bring
in review all the proceedings at the trial. Watertown Bank & Loan
Co. v. Mix, 51 N. Y. 558–560. "It is the policy of the law to watch
over the deliberations of the jury, and to guard them from all im-
pressions and influences in respect to the issues involved not de-
rived from a trial in open court, in the presence of the parties and
their counsel, where ample opportunity is given to object to the
admission of any evidence or comments not sanctioned by law."
Mitchell v. Carter, 14 Hun, 451.

Not every act of misconduct by a juror during a trial, however,
makes it necessary to suspend the trial, or, in case it is completed,
to grant a motion for a new trial. If it can be seen that the mis-
conduct was inadvertent and did not result in harm to the com-
plaining party, the trial may proceed, or the verdict, if one is ren-
dered, may be permitted to stand. Haight v. City of Elmira, 42
App. Div. 391, 59 N. Y. Supp. 193. In that case it conclusively ap-
peared that the inspection by certain members of the jury of the
premises in question disclosed only facts which were not disputed,
and it was held that the trial judge properly determined that the
conceded misconduct did not injuriously affect the interests of the
defendant. City of Indianapolis v. Scott, 72 Ind. 196. In such
cases the judge must determine whether the misconduct complained
of is of such a character as, considering all the circumstances, would
injuriously affect the parties' interests; and whether to proceed
with or end .the trial, or to grant a new trial in case a verdict is
rendered, must rest very largely in the discretion of the judge pre-
siding. He knows the state of the proofs, the exact issues involved,

and has the advantage of hearing from the offending juror what prompted his act, and, to some extent, its effect upon him.

In the case at bar, after a careful examination of the record before us, we are not prepared to say that the court would not have been justified in holding that the misconduct of the two jurors referred to did not injuriously affect the interests of the defendant, and in proceeding with the trial, if nothing further had occurred. What had been done by the two jurors was clearly inadvertent. No one was really blamable. Simply a mistake had been made by two apparently honest and conscientious jurymen, and, if they had been instructed to disregard any fact which they learned by the inspection made by them, we think, under the circumstances, the defendant would not have had just ground for complaint. The trial court, however, desirous of correcting the effect of the misconduct complained of, against the defendant's earnest protest, directed the entire jury to view and inspect the structure which was the subject of controversy between the parties. This we think the court had no power to do, and that such action, which was then and there duly objected to by the defendant, constituted such error as required the motion for a new trial to be granted. The only authority for directing a jury to view and inspect premises during a trial in a civil action is found in section 1659 of the Code of Civil Procedure. That section relates only to "actions for waste," and is not applicable to the case at bar. If such direction was proper in this case, then such direction may be made upon the trial of any action where the condition or situation of premises or the structures thereon is involved. The fact that the Legislature, by the section of the Code referred to, conferred the power upon the court to "direct a view by the jury" in an "action for waste," clearly indicates that it was not intended that such power should exist in other cases. We have failed to find any adjudicated case which holds even inferentially that, upon the trial of a civil action other than for waste, the court has power to "direct a view by the jury." In Moore v. N. Y. Elevated R. R. Co. (Com. Pl.) 8 N. Y. Supp. 329, cited by respondent's counsel, the defendant's counsel suggested at the close of the day's trial that the jurors be permitted to visit the premises. Plaintiff's counsel was present and made no objection. The presiding justice gave the permission, provided they all went together. Not all the jurors understood the directions given by the judge, and only five of them visited the premises. Upon returning to court the following morning the jurors were reprimanded for disobeying the direction of the court. The trial then proceeded without any objection on the part of plaintiff's counsel, and it was held that the plaintiff had waived the right to make the alleged misconduct of the jury the ground of a motion for a new trial. The case of People v. Thorn, 156 N. Y. 286, 50 N. E. 947, 42 L. R. A. 368, was a criminal case, and is governed by section 411 of the Code of Criminal Procedure, and the decision has no application to the questions involv·ed upon this appeal.

We have not overlooked the fact that the motion for a new trial was made upon the ground of the misconduct of two of the jurors,

and not upon the ground that the entire jury inspected the premises pursuant to the direction of the court, nor that we have suggested that, under the circumstances disclosed by the record, the trial judge, in the exercise of his discretion, would have been justified in proceeding with the trial, notwithstanding the misconduct of the two jurors referred to, upon giving them proper instructions in the premises—that he would thereby have remedied the effect of such misconduct. The misconduct, however, was not rectified by the court in directing the whole panel to view the premises, but, instead, was emphasized, and therefore was properly made the ground of the motion for a new trial. It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for a new trial granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur; SPRING, J., in result only.