### BACCELLI v. BOOTH.

(Supreme Court, Trial Term, Albany County. January 29, 1912.)

New Trial (§ 44*)—Misconduct of Jurors.

　　Where, in a negligence case, a juror, who had been a defendant in a negligence case, knew from the questions asked other jurors that plaintiff attempted to elicit information as to what jurors had been defendants in negligence cases, and that the omission to ask such question of the juror was inadvertent, it was the duty of the juror to disclose the fact that he had been defendant in such a case, and his failure to do so was misconduct, justifying the setting aside of the verdict.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80–85; Dec. Dig. § 44.*]

Action by Germano P. Baccelli, administrator of Antonio Di Paolo, deceased, against Raymond M. Booth. On motion to set aside verdict because of misconduct of juror. Granted.

Countryman, Nellis & DuBois, for plaintiff.
Rosendale & Hessberg, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COCHRANE, J. It is unnecessary to determine the question of fact raised by the affidavits as to whether or not this particular juror, Haswell, was asked specifically whether he had been sued for alleged negligence. This in substance was undoubtedly asked of each of the other jurors, and, if Haswell was not thus interrogated, the omission was an oversight on the part of the examining counsel.. Haswell's affidavit shows that he was keenly alert to the importance of the question. He must have known that plaintiff was endeavoring to ascertain whether any juror had been made a defendant in a negligence action, because that question was generally asked of the individual jurors, and he must have known that the omission to ask him was inadvertent. Realizing, as he did, that plaintiff was endeavoring to elicit such information, and also realizing the importance of such information to the plaintiff, it was his duty to inform counsel, although this specific question may not have been directed to him. As was stated in McGarry v. City of Buffalo, 24 N. Y. Supp. 16:[1]

"The juror knew the purpose of the inquiry and the information which was desired, and it was his duty to make the disclosure, which would probably have led to his being excused from the jury."

I do not accuse the juror of any corrupt purpose in maintaining silence, nor, as stated, do I pass on the question of his veracity in making the affidavit now before me; but I think the circumstances required him to speak, and that his failure to do so constituted misconduct in the eyes of the law. Clearly, the fact that he was a defendant in a negligence action was highly important, and it is not to be doubted for a moment that he would have been challenged peremptorily as a juror by plaintiff if this fact had been disclosed.

The practice of asking jurors individually a series of questions which might just as well be asked of the body collectively is not to be commended. Much valuable time is wasted, and no useful purpose is served, as the present case well illustrates. If the jurors as a body are asked plainly and distinctly each question to which an answer is desired, they will respond satisfactorily; and, if that practice had been pursued in the present case, undoubtedly the juror Haswell would have thus responded. Nevertheless individual examinations of the jurors were permitted in this case, and, having been thus permitted, I think, for the reasons stated, that there must be a new trial.

Motion granted, without costs.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 70 Hun, 597.