## SLATER v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

1. NEW TRIAL ⬤➝42(2)—INCOMPETENCY OF JUROR.

Where, on examination of the jurors, each was asked if he had any prejudice against a negligence action, and one replied that he had not, and was accepted as a juror, and in another case shortly afterward, on a like examination he replied that he was prejudiced against such an action, it was within the discretion of the court to set aside the judgment in the first suit, since the juror sat on account of a false answer to a material question, perpetrating a fraud on the court and the parties.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 76, 79; Dec. Dig. ⬤➝42(2).]

2. NEW TRIAL ⬤➝143(2)—IMPEACHMENT OF VERDICT.

In such case the rule that the statement of a juror cannot be received to vitiate his verdict does not apply, since such rule concerns only statements as to occurrences in the jury room, and not as to qualifications for sitting on the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 292, 293; Dec. Dig. ⬤➝143(2).]

Howard, J., dissenting.

Appeal from Special Term, Albany County.

Action by Richard Slater against the United Traction Company. From an order setting aside the verdict, and judgment thereon, defendant appeals. Affirmed.

---

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

John E. MacLean, of Albany (John T. Norton, of Albany, of counsel), for appellant.

Hayner & Ward, of Troy (John B. Holmes, of Troy, of counsel), for respondent.

JOHN M. KELLOGG, P. J.   [1] Upon the examination of the persons called as jurors in this case, each juror was asked if he had any prejudice against a negligence action. Juror Haswell replied that he had not. He was accepted as a juror, and a verdict was returned March 9th in favor of the defendant. On March 11th he was called in another case in the same court, and upon a like examination stated that he was prejudiced against such an action, and was excused from service. Upon plaintiff's motion the verdict was set aside by the presiding judge, upon the ground that the juror had by a false answer been permitted to sit in the case. The juror attempts to explain his answers by saying he answered the question before he fully realized its import, and then had not sufficient confidence in himself to correct the answer. He does not claim that his attitude about such actions had changed in the meantime. The trial judge recollected the facts, and that the court repeated the question to the juror, and was not satisfied with his explanation and set the verdict aside. The order rested in the sound discretion of the court. Every suitor is entitled to a fair trial before unprejudiced jurors, and if a juror is permitted to sit on account of a false answer given by him to a material question, it is a fraud upon the court and the parties, and the verdict may well be set aside.

[2] It is urged, however, that there is no evidence that the answer to the question in the first case was untrue, except the statement of the juror in the second case, and that the statement of a juror cannot be received to vitiate his verdict. That rule has no application here. It excludes affidavits or statements of jurors tending to show "mistake or error of the jurors in respect to the merits, or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different." Dalrymple v. Williams, 63 N. Y. 361–363 [20 Am. Rep. 544]. The statement of the juror showed to the satisfaction of the court that he caused himself to be received as a juror by a fraud practiced upon the court and counsel. His false statement resulted in his becoming a juror in the case. His statement did not relate to anything that took place between him and his fellow jurors, or anything that took place with reference to the deliberation or action of the jury, but related to his being permitted to sit upon the jury. We think, therefore, that his answer in the second case might well be considered as showing that his answer upon the first trial was untrue.

The order, therefore, should be affirmed, with costs. All concur, except HOWARD, J., who dissents.