LEVI A. LITZENBERGER, Plaintiff, *v.* BERTHA LITZENBERGER, Defendant.

(Supreme Court, Monroe Special Term, March, 1917.)

Trial — misconduct of — jury — evidence — verdict — parties.

> Misconduct not appearing upon the record of the trial such as communications with the jury is grossly improper but it may be disregarded by the court on a motion for a new trial unless it is of such a character as to affect a substantial right of a party to a fair, impartial and public trial of the case according to the evidence.
>
> The exhibition in the jury room of a coat worn by a party immediately after the commission of an alleged act of adultery, and also worn during the trial and while on the witness stand and which was called to the attention of the jury by having her arise to give the jury a view of it, is not such an act as can be said to have affected the verdict and is therefore not prejudicial.

MOTION by defendant for a new trial.

Daniel Moran, for motion.

W. H. Hurley, opposed.

Rodenbeck, J. It is claimed that there was miscon-
duct on the part of the jury in having brought into
the jury room a coat which the defendant wore at the
time of the commission of the alleged act of adultery.
One of the officers of the court at the request of the
jury obtained the coat from the defendant and brought
it into the jury room. It is claimed that this consti-
tutes misconduct and prejudicial error. Communica-
tions with a jury with reference to the case while they
are deliberating upon their verdict are grossly
improper but do not necessarily constitute legal error.
Such misconduct varies from some trivial occurrence
which could not affect the result to a gross impropriety
which obviously affected a substantial right of a party
and between these extremes there are cases which
require the exercise of a sound judgment on the part
of the court in the determination of their legal effect.

This procedure is regulated neither by statute nor
by rules but by the common law and illustrates the
futility of attempting to define by an inflexible statute
the cases which shall constitute misconduct as is
attempted to be done in the Code of Civil Procedure
with respect to other matters of practice not of as seri-
ous a consequence as the one under consideration. It
has been held to be sufficient to vitiate a verdict where
without the consent of the parties a justice went into
the jury room and answered questions (*Taylor* v. *Bets-
ford,* 13 Johns. 486; *Benson* v. *Clark,* 1 Cow. 258;
*Watertown Bank & Loan Co.* v. *Mix,* 51 N. Y. 558);
where he sent to the jury written answers to questions
put to him by the jury (*Plunkett* v. *Appleton,* 51 How.
Pr. 469); where he sent his minutes to the jury room

(*Neil* v. *Abel,* 24 Wend. 185); where documents not in evidence were delivered to the jury (*Elliott* v. *Luengene,* 17 Misc. Rep. 78); but it has been held not to be prejudicial where an annuity table was sent to the jury room where the age of the injured party was not in evidence (*Schappner* v. *Second Ave. R. R. Co.,* 55 Barb. 497); where exhibits are taken into the jury room without consulting the judge (*Nellis* v. *Countryman,* 63 Misc. Rep. 561, 564; *People* v. *Dolan,* 186 N. Y. 4).; where innocent communications were had between one of the attorneys in the case and a juror or conversations took place between the presiding judge and a juror after the verdict (*Rippley* v.*Frazer,* 69 Misc. Rep. 415); where harmless communications between a juror and an adjuster in the employ of the defendant took place (*Werner* v. *Interurban St. R. Co.,* 99 App. Div. 592); and where a view of the scene of the accident was had two years after the accident (*Haight* v. *City of Elmira,* 42 id. 391).

These cases are sufficient to illustrate the rule that misconduct such as communications with the jury should be firmly discouraged and discountenanced but may be disregarded unless it is of such a character as to affect a substantial right of a party to a free, impartial and public trial of the case according to the evidence. Parties are entitled to have their cases tried upon competent and relevant evidence produced in open court where they may have an opportunity of cross-examining and interposing objections. This right is infringed upon where communications are had with the jury not in open court where objections may be raised thereto. But where such communications are had it must appear that they may have affected the result of the trial. It is not necessary to show that they did have that effect. It would be difficult, if not impossible, to show their effect in view of the rule that

the affidavits of jurors may not be received to impeach their verdict. *Dalrymple* v. *Williams,* 63 N. Y. 361; *Perkins* v. *Brainard Quarry Co.,* 11 Misc. Rep. 326, 336. It is sufficient if they are likely to have affected the result. *Buffalo Structural Steel Co.* v. *Dickinson,* 98 App. Div. 355, 359; *Haight* v. *City of Elmira,* 42 id. 391; *Matter of Vanderbilt,* 127 id. 408, 409. The expressions used in these cases are that it is sufficient cause for reversal if the acts complained of are "likely" to have influenced the verdict and that it is insufficient cause where it is to be "presumed" that such misconduct "did not produce" injury to the moving party and where it can be seen that the misconduct was "inadvertent" and did not result in "harm" to the complaining party. It is a matter resting in the sound discretion of the trial judge under the circumstances of the case whether the alleged misconduct affected a substantial right of a party to such a trial as is guaranteed by the laws of the land.

In this instance it cannot be said that any substantial right has been affected. The coat which was exhibited to the jury was worn by the defendant on the witness stand where she was asked to stand up and exhibit it to the jury which she did. The jury had every opportunity to see all that they observed in the jury room and while the coat was not formally put in evidence it was exhibited to the jury and they had every opportunity to obtain all of the information which they might have obtained from their examination in the jury room.

Under these circumstances and in view of the further conclusion that the evidence of the case presented a fair conflict for the determination of the jury, the motion for a new trial is denied, with costs.

Motion denied, with costs.