# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING JUNE, 1922

---

MARY KNICE, Plaintiff, v. JOB HEDGES, as Receiver, etc., Defendant.

Supreme Court, New York Trial Term, June, 1922.

**Trial — concealment of facts by juror upon examination — verdict set aside.**

Where one accepted as a juror by both parties to an action to recover for personal injuries fails to disclose the fact that his father had been injured in a railroad accident, a verdict in favor of plaintiff will be set aside on defendant's motion.

MOTION to set aside a verdict.

*Samuel Deutsch,* for plaintiff.

*Winthrop & Stimson (Paul A. McQuaid,* of counsel), for defendant.

NEWBURGER, J. This is an application to set aside a verdict. Upon an examination of the jurors in this case it appears that one Lyons was accepted by both parties and sworn. Subsequently this juror was again called in the case of *Barskop* v. *Dry Dock, East Broadway & Battery Railroad Company,* when he was again interrogated by the counsel in that case, and stated very frankly that his father had been injured in a railroad accident, whereupon he was excused. In the case at issue he did not make this statement, although questions were asked by counsel as to whether any of the jurors had been or were interested in any negligence action or had any relative who had been injured. Upon an examination conducted by me this juror was interrogated both by counsel in the case and myself, and he claimed that he did not hear any question asked of that kind; that he was not prejudiced and did not attempt to conceal. Another juror stated that he had a sister who had been injured and was excused. It was the duty of the juror to have informed counsel of the fact that his

father had been injured, although the question may not have been directed to him. His failure to do so was concealment. I do not charge the juror with any corrupt act in maintaining silence. It has been repeatedly held that such conduct was prejudicial to the interests of the defendant. See *M'Garry* v. *City of Buffalo*, 24 N. Y. Supp. 16; *Slater* v. *United Traction Co.*, 172 App. Div. 404; *Baccelli* v. *Booth*, 75 Misc. Rep. 260; *Harris* v. *Eclipse Light Co.*, 114 id. 399. The motion to set aside the verdict must be granted. Settle order on notice.

Ordered accordingly.