PERCY A. PAYNE, Respondent, v. JOHN B. BURKE and WALTER R. BURKE, Copartners Doing Business under the Firm Name and Style of BURKE BROTHERS, Appellants.

Fourth Department, November 10, 1932.

*Ransom Pratt*, for the appellants.

*George A. King*, for the respondent.

EDGCOMB, J. A verdict in favor of the defendants has been set aside upon two grounds: (1) The misconduct of defendants'

counsel in his summary in calling the attention of the jury to the fact that plaintiff had refused to permit the jurors to visit and inspect the *locus in quo;* (2) because of the bias and prejudice of the juror Harrison against the plaintiff, and because of the fact that said juror failed to reveal his frame of mind on his *voir dire.*

The trial court has certified that the case and exceptions contain all the evidence on the issues to be raised on the appeal. The summary of counsel is not printed, and there is nothing in the record to show any improper conduct on the part of defendants' counsel regarding his offer to allow the jury to visit the *locus in quo.* A part of this discussion was had while the jury was absent from the room, and, so far as the record discloses, the subject was not mentioned again after the court made its ruling.

Coming now to the alleged disqualification of the juror Harrison, it is claimed that during the course of the trial, and before the case was submitted, Harrison stated to two of his fellow jurymen, whom he met upon the street, " that he had it in for the plaintiff, Percy Payne; that he had fined his uncle at one time for public intoxication, and now was his big opportunity to get even with him, and he was going to beat him in this case; that he did not care what the evidence was or how much damage was shown, that he was going to beat him anyway."

If Harrison made any such statement, he perpetrated a fraud upon the court, as well as upon the plaintiff, and this verdict ought not to stand.

Every litigant is entitled to a fair and impartial trial before an unprejudiced and unbiased jury. A party should not be compelled to submit his rights to a tribunal whose honesty and impartiality can be questioned. The triers of the facts should be beyond suspicion. Otherwise the administration of justice will quickly fall into disrepute. (*Slater* v. *United Traction Co.*, 172 App. Div. 404; *Ament* v. *Schubert Piano Co.*, Id. 423; *Robinson* v. *Ball*, 187 id. 799; *Fealy* v. *Bull*, 11 id. 468; *Topia Mining Co.* v. *Warfield*, 145 id. 422; *Smith* v. *Dunn*, 94 id. 429, 436.)

It was the duty of Harrison, if he had any feeling against the plaintiff, to have disclosed that fact when he was examined as a juror. His failure so to do was a concealment of information to which plaintiff's counsel was entitled. ( *Knice* v. *Hedges*, 119 Misc. 1; affd., 205 App. Div. 871.)

It was not necessary for the plaintiff to show that the acts complained of influenced the verdict in favor of the defendants; it is sufficient to warrant relief, if they were likely so to do. It is important that the conduct of those to whom the administration of the law is intrusted should be such as to furnish no just ground

for suspicion that the decision was founded on anything other than the evidence. (*Matter of Vanderbilt*, 127 App. Div. 408; *Reynolds* v. *Moore*, 1 id. 105; *Roosa* v. *Saugerties & Woodstock Turnpike Road Co.*, 12 How. Pr. 297.)

It is very true that a verdict will not be set aside for every trifling misconduct on the part of some juror which occurs without the fault of the prevailing party. However, a jury can only act as a unit, and the misconduct of one juror of necessity becomes the conduct of the jury itself, and, if serious enough, will render the verdict invalid.

The difficulty with sustaining this order, however, is the fact that there is no competent evidence of misconduct on the part of the juror Harrison. The only evidence upon this subject is contained in the affidavits of two jurors, Quackenbush and Arnett.

The rule is well settled that affidavits of jurors are not competent to impeach their verdict which has been solemnly made, and publicly returned into court. (*People* v. *Sprague*, 217 N. Y. 373, 381; *Dalrymple* v. *Williams*, 63 id. 361; *Williams* v. *Montgomery*, 60 id. 648; *Haight* v. *City of Elmira*, 42 App. Div. 394; *Dean* v. *Mayor*, 29 id. 350; *People* v. *Gallagher*, 75 id. 39; *Perry* v. *N. Y. C. & H. R. R. R. Co.*, 169 id. 83.)

The reason for this rule is founded on sound public policy. If jurors, after they have been discharged and have mingled with the public, were permitted to discredit the verdict which they had solemnly rendered in open court, no verdict would be safe, and judgments would rest on a very uncertain foundation. The consequences of such practice would be most mischievous; it would open the door for tampering with jurors, and would make it easy for a corrupt or dissatisfied juror to destroy the very verdict to which he had deliberately given his assent under the sanction of an oath. Jurors would constantly be importuned by dissatisfied litigants, and pressed for affidavits upon which their verdict might be assailed. Every trial lawyer knows full well how easy it would be to find some complacent juror who would yield to such appeal. If such practice were countenanced, few, if any, verdicts would survive, and there would be no end to litigation. (*McDonald* v. *Pless*, 238 U. S. 264; *Tyler* v. *Stevens*, 4 N. H. 116; *Blodgett* v. *Park*, 76 id. 435; *Tenny* v. *Evans*, 13 id. 462; *Keith* v. *State*, 7 Okla. Cr. 156.)

"It is said to be better that an individual should suffer, than that such a rule, which must be productive of infinite mischief, should be introduced." (*Tyler* v. *Stevens*, 4 N. H. 116, 117.)

Lord ELLENBOROUGH said, in *Rex* v. *Wooller* (2 Stark. 111): "The

danger would be infinite if an affidavit could be received from a juryman for the purpose of setting aside a verdict."

While conceding the general rule to be as above stated, respondent urges that these affidavits were properly considered to show the disqualification of the juror Harrison. I see no reason for making any exception to the general rule in this case. The ultimate purpose to which these two affidavits have been put is to discredit the very verdict to which these jurors gave their assent. The reason for the rule prohibiting the use of such evidence is as applicable here as in any other case. Concededly these two jurors would not be permitted to disclose this conversation had it taken place a little later, and while the case was being considered by the jury. How is the situation any different because the statement was made on the street, instead of in the jury room, and just before instead of just after the cause had been submitted to the jury?

*Slater* v. *United Traction Co.* (172 App. Div. 404) is not in conflict with this holding. In that case a juror stated upon his examination that he had no prejudice against a negligence action. After the verdict he was drawn in another case, and admitted that he was prejudiced in such an action. It was held that this latter statement, made in open court, and which the trial judge recollected had been made, could be considered on a motion to set aside the verdict in the first case. It does not appear that the affidavit of any juror as to what happened was used on the motion.

In *Haight* v. *City of Elmira* (42 App. Div. 391) certain members of the jury, during the progress of the trial, visited and examined the place where the accident occurred. This was such misconduct as to warrant setting the verdict aside. The offense, however, was brought to the attention of the court by the affidavits of jurors. It was held that these affidavits could not be used to impugn the verdict, and that there was no competent evidence of misconduct on the part of the jury to warrant setting aside the verdict. The affidavits in the *Haight* case, like those in the case at bar, related to misdeeds committed not in the jury room, nor while the jury was deliberating on its verdict, but to something which took place while the trial was in progress, but before its termination

The facts in the case at bar are very similar to those in *State* v. *Cloud* (130 La. 955) and *State* v. *Whitesides* (49 La. Ann. 352). Both of these were criminal actions. In each case it was sought to set aside the verdict because some juror had failed to disclose on his *voir dire* his disqualification to sit as a juror, and it was held that while such misconduct, if discovered after the verdict, might be urged as a ground for a new trial, the fact of disqualification must be shown by testimony other than that of a juror.

We think that the affidavits of the two jurymen are not available for the purpose of stigmatizing the verdict in which they joined, and that, as there was no other evidence before the court of any misconduct on the part of the juror Harrison, the motion to set aside the verdict should have been denied.

All concur.

Order reversed on the law and facts and verdict reinstated, with costs.