MARY GAMBON, as Administratrix, etc., and Others, Plaintiffs, *v.* THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Bronx County, October 26, 1934.

*Kuzmier & Milan* [*R. X. Kuzmier* of counsel], for the plaintiffs.

*E. C. Sherwood* [*F. C. Locher* of counsel], for the defendants P. J. Carlin Construction Company and another.

*P. S. Mason* [*Paul Koch* of counsel], for the defendant Albee Godfrey Whale Creek Co., Inc.

*Paul Windels, Corporation Counsel* [*W. C. Chanler, Barent Ten Eyck* and *Leonard M. Wallstein, Jr.,* of counsel], for the defendant City of New York.

*Rao & Liggio* [*Paul Rao* of counsel], for the defendants Arc Electric Construction Company, Inc.

*Wing & Wing* [*Arthur K. Wing* of counsel], for the defendants Edward V. McGovern Corporation and another.

HOFSTADTER, J.  On April 5, 1934, after a trial of five weeks, the jury rendered a verdict in favor of the defendants P. J. Carlin Construction Company and Albee Godfrey Whale Creek Co., Inc. The court had previously dismissed the complaint as against other defendants, and these defendants are not concerned with the present application.  (151 Misc. 201.)  The plaintiffs now seek an order setting aside the verdict of the jury and granting to them a new trial on the ground of alleged misconduct on the part of certain jurors, and upon the further ground of newly-discovered evidence.

In addition to the affidavit of counsel for the plaintiffs which recites statements made by individual jurors to the affiant, the moving papers in support of the first ground contain the affidavits of two of the jurors who assert that one of their fellows had " made a visit to the water front to see if boats listed " and that " several of the jurymen had clippings from the *Bronx Home News*, and during the recess the clippings were passed among the jury."  In so doing, these members of the jury violated the express and repeated instructions of the court.  But a verdict reached after solemn and due deliberation should not be vitiated unless that violation resulted in prejudice to the unsuccessful litigants.  There is nothing contained in the newspaper article which might adversely influence the jury and a visit to the waterfront to see if boats " listed " brought nothing new to the case — that fact having been testified to without contradiction by witnesses at the trial.  (*People* v. *Kraus*, 147 Misc. 906; *Haight* v. *City of Elmira*, 42 App. Div. 391.)

In any event, under the authorities this is not competent proof that any juror was guilty of misconduct.  The plaintiffs have cited no cases in this jurisdiction which permit the use of affidavits of jurymen to impeach their verdict.  In whatever respect the general rule may be relaxed in other jurisdictions in exceptional cases (*Southern Pacific Co.* v. *Klinge*, 65 Fed. [2d] 85) it is well settled in this State that generally such affidavits may not be received or considered to impeach a verdict on the grounds here asserted. (*People* v. *Sprague*, 217 N. Y. 373; *Payne* v. *Burke*, 236 App. Div. 527; *Zint* v. *Mulligan*, 140 id. 230.)  The reasons underlying this rule are founded on a sound policy of the law.  (See *Payne* v. *Burke*, *supra*, 529, 530.)  The case of *Spielter* v. *North German Lloyd Steamship Co.* (232 App. Div. 104) announces an apparent exception to the general rule to the effect that the affidavits of

jurors may be received to establish the fact that the verdict was not unanimous. (See, also, *People* v. *Leonti*, 262 N. Y. 256.) These decisions are inapplicable here. Likewise, affidavits of third parties containing statements made to them by jurymen subsequent to the trial are incompetent. (*People* v. *Sprague, supra; Gregory* v. *Bijou Theatre Co.*, 138 App. Div. 590; *Bennett* v. *Nazzaro*, 144 Misc. 450.)

The second ground of the motion is equally unavailing to the plaintiffs. The testimony of one Hawkins is offered concerning the condition of the boiler at a time prior to the accident, together with his opinion as to the cause of the explosion. It should be noted that this proffered witness has executed an affidavit virtually destroying the value of that tendered by the plaintiffs on this motion. However this may be, this testimony, while material, is essentially expert in character and cumulative.

Many witnesses testified at the trial on behalf of the plaintiffs respecting the physical condition of the boiler, and two experts were called to express their opinion as to the cause of the explosion, and the issues to which the proffered testimony relate were sharply controverted at the trial. Since no new facts are suggested and it is not established either that the evidence could not have been obtained by the exercise of reasonable diligence, or that the proposed evidence is of a nature likely to produce a different verdict if a new trial is had (*Collins* v. *Central Trust Co.*, 226 App. Div. 486; *La Vetra* v. *Fraternal Club Sicania, Inc.*, 128 Misc. 670, 673; *New Amsterdam Casualty Co.* v. *Beardsley*, 123 id. 292, and cases cited therein), there is no occasion to disturb the verdict.

Accordingly, the motion is denied in all respects, without costs. Settle order.