LOUIS J. SKINITZERO, Appellant, *v.* CITY OF NEW YORK, Respondent.

Order affirmed, with costs and disbursements.

VAN VOORHIS, J. (dissenting). The verdict of the jury in favor of the plaintiff has been set aside for the reason that immediately after their verdict was rendered, the assistant corporation counsel asked the court to interrogate the jurors as to whether any of them had visited the scene of the accident. Six replied that they had done so, having gone to the East Side subway station at 14th Street, in the borough of Manhattan, City of New York, where the plaintiff fell down between a subway car and the platform on a curve.

The language of Judge BOOKSTAVER of the Court of Common Pleas of New York City and County, General Term, in *Moore* v. *New York Elevated R. R. Co.* (15 Daly 506, 507–509) is in point. There the jurors were given permission to visit the scene in a body, but five of them went alone. The trial resulted in a verdict for the defendants. Thereafter the plaintiff made a motion, based upon jurors' affidavits, setting forth the irregularity. The court said, pages 508–509: " It is the general rule that, where a party cognizant of the misconduct of a juryman does not call attention to it at the first opportunity, he waives the right to afterwards make such misconduct the ground of a motion for a new trial * * *; and it would be unjust to permit the party to take his chances of a favorable verdict, and, if defeated in that, then claim a new trial on the ground of the irregularity. (1 Hayne New Trials, pp. 99, 103, § 27)." The court further held that the affidavits of the jurors were incompetent to impeach their verdict.

In *Haight* v. *City of Elmira* (42 App. Div. 391), it was held that affidavits of jurors to impeach their verdict on the same ground, by showing that there had been an unauthorized visit to the scene of the accident, were inadmissible for the purpose.

Other cases holding that jurors' affidavits are inadmissible to impeach their verdict for various reasons are: *People* v. *Sprague* (217 N. Y. 373, 381); *Payne* v. *Burke* (236 App. Div. 527); *Clum* v. *Smith* (5 Hill 560); *O'Connor* v. *Ames Transfer Co.* (187 N. Y. S. 111, visiting scene of accident); *Gambon* v. *City of New York* (153 Misc. 401). Cases such as *Morrow* v. *Dotts* (208 App.

Div. 788) and *Buffalo Structural Steel Co. v. Dickinson* (98 App. Div. 355) were decided on affidavits of persons who were not jurors, showing visits by jurors to the scene of the accident. (See Record on Appeal in *Morrow* v. *Dotts*, *supra*, Vol. 2979, 2d Dept., Cas. No. 244, p. 9, affidavit of Henry Ott.) *Buffalo Structural Steel Co.* v. *Dickinson* (*supra*) also involved a situation where two jurors disclosed the fact of their visit before the verdict, and it also involved error on the part of the trial court in directing, over the objection and exception of counsel, an inspection of the premises by the entire jury.

If the assistant corporation counsel knew, or had reason to believe, that jurors had visited the scene of the accident, he should have asked the court to interrogate them upon the point before the verdict was returned.

The rule against allowing jurors to impeach their verdict, does not admit of an exception that they may be interrogated by the trial justice in open court after the verdict has been rendered. The purpose of the rule is to keep the jury's deliberations inviolate, and not to subject them to questioning in relation thereto by the trial justice or by anyone else. This is necessary in order to maintain the independence of the jury system.

The order appealed from should be reversed, with costs, and the verdict reinstated.

Glennon, J. P., Cohn and Callahan, JJ., concur in decision; Van Voorhis, J., dissents in opinion in which Shientag, J., concurs.

Order affirmed, with costs and disbursements. No opinion.