EDWARD STEVENS et al., Respondents, v. SPRING VALLEY WATER WORKS AND SUPPLY COMPANY, Appellant.— In an action to recover damages caused by the drying up of a brook on plaintiffs' land soon after defendant began pumping large quantities of water from its well nearby, defendant, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, dated March 6, 1964, which unanimously affirmed a judgment of the County Court, Rockland County, entered December 21, 1962 after a jury trial, in favor of the plaintiffs. Order affirmed, with costs, on the opinion of Mr. Justice PETTE in the Appellate Term (42 Misc 2d 86). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

## THIRD DEPARTMENT, NOVEMBER, 1964

### (November 2, 1964)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HELEN WHITE, Appellant.— *Per Curiam.* Appeal by defendant from a judgment of the County Court of Sullivan County convicting her, after a trial by jury, of the crime of assault in the second degree. (Penal Law, § 242, subd. 5.) The persistent attempts of the prosecutor to labor the fact that defendant's son had filed a claim for damages against the complaining witness, a police officer, and his municipal employer arising from the circumstances of the alleged assault after the trial court had properly sustained defendant's objection to an initial question designed to elicit such information were so prejudicial as to deprive defendant of a fair trial. Moreover, we are persuaded that two jurors failed to disclose upon the *voir dire* examination, as the circumstances dictated, their kinship with law-enforcement officers. Their silence, even if unwitting, was tantamount to concealment and requires a new trial in the interest of justice. (*Knice* v. *Hedges*, 119 Misc. 1, affd. 205 App. Div. 871.) Judgment reversed, on the law and the facts and in the interest of justice, and a new trial granted. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.