W. Vincent Grady, J.
This matter was brought on by an order to show cause dated June 17,1966, signed by Hon. Joseph F. Hawkins, Supreme Court Justice, wherein it is prayed that the verdict of the jury of “No Cause of Action ”, should be set aside and a new trial granted on the grounds of bias and alleged misconduct of a juror and upon the grounds set forth in CPLR 4404.
The application is based on the affidavit of one, Marie E. Coon, who served as a juror on the trial of the action and was the sole negative vote in the 11-to-l verdict of the jury.
It is the general rule in the State of New York that affidavits of jurors relating to their deliberations are not competent to impeach their verdict and are not competent to form a basis of a motion to set aside such verdict. (See People v. Sprague, 217 N. Y. 373, 380, 381; Dalrymple v. Williams, 63 N. Y. 361, 363 ; Miller v. Gerard, 200 App. Div. 870 [2d Dept., 1922]; Payne v. Burke, 236 App. Div. 527 [4th Dept., 1932].)
This general rule has exceptions as follows:
A. Affidavits of jurors may be received to correct a verdict but not to impeach it (i.e., to correct an undisputed mistake) (Dennis v. Tishman, 141 Misc. 847, revd. on other grounds 235 App. Div. 722).
B. Affidavits of jurors can form a basis to set aside a verdict if they indicate tampering with the jury of outside persons. (Schrader v. Gertner, 282 App. Div. 1064 [2d Dept., 1953].)
C. Affidavits or testimony of jurors may also form a basis for a motion to set aside a verdict if the affidavits refer to acts or statements made by one of the jurors outside of the jury room. (McHugh v. Jones, 283 N. Y. 534; Steubing v. Krischer, 168 Misc. 20, 22, 23.) The rule of the McHugh case indicates that affidavits of jurors will be used if the same indicate prejudice or bias for or against a party which would render one of the jurors unacceptable. It appears that in this case that the rule applies only if the .bias is admitted by the juror under oath or if there is no question as to the validity of the accusation. (See Knickerbocker v. Erie R. R. Co., 247 App. Div. 495 [4th Dept., 1936].)
One case cited by petitioner, Spielter v. North German Lloyd S. S: Co. (232 App. Div. 104 [1st Dept., 1931]) does indicate that the affidavits of jurymen as to coercion during deliberation can be grounds for setting aside the verdict, even when there are *1061 conflicting affidavits. The decision of the court in that case however rested on other grounds and the rule referred to is dictum.
The better rule appears in the case of Payne v. Burke (236 App. Div. 527 [4th Dept., 1932]). This case had practically the same fact situation as the one before this court. It appears that one of the jurors, a Mr. Harrison, failed to reveal his frame of mind during the voir dire questioning. It was claimed that during the course of trial the said Harrison indicated he had ‘ had it for the plaintiff * * * and now was his big opportunity to get even with him ” (p. 528). The evidence of this misconduct was allegedly obtained by the affidavits of two jurors, one Quackenbush and one Arnette. The court, in reversing the order setting aside the verdict said as follows on page 529 of the official report: ‘ The difficulty with sustaining this order, however, is the fact that there is no competent evidence of misconduct on the part of the juror Harrison. The only evidence upon this subject is contained in the affidavits of two jurors * * * The rule is well settled that affidavits of jurors are not competent to impeach their verdict which has been solemnly made, and publicly returned into court.”
In another case, Traub v. Cassel (41 N. Y. S. 2d 370 [Sup. Ct., Kings County, 1943]), an affidavit of a juror indicated that she wished to change her mind after a 10-to-2 verdict for the defendant. Her affidavit was supported by one other affidavit of a dissenting juror. The jury had been polled at 10 to 2. The court denied the motion to set aside the verdict on the grounds that the impeachment of a verdict by juror’s affidavit is not permitted except where mistakes, irregularities or misconduct is shown. The court went on to say that at the time these cases (referring to the Spielter case among others) were decided, a unanimous verdict was required. Now, of course, a verdict may be rendered by 10 or more of the jurors (Civ. Prac. Act, § 463-a, now CPLR 4113, subd. [a]). Before this jury was discharged, 10 of them clearly expressed their verdict in favor of the defendant.
In the instant case, the affidavit of one dissenting juror is used as the basis for setting aside this verdict. The affidavit refers to alleged misconduct of one juror during deliberation, in that said juror stated that his son was a laAvyer and that it was against the law to vote against the Legion and that it was unpatriotic to sue the American Legion. As a result of his activity in the jury room it is claimed that the jury was convinced to bring in a “ No Cause of Action ” verdict.
*1062 At the recording of the verdict Í13, open court it was 11 to 1 for “No 'Cause df Action ” in favor of the defendant. At the request of plaintiff’s attorney the jury was polled allá ll answered in the affirmative that it was his or her voté for “No Canse ”, with thé Solé' dissenting vote being cast by the juror whose affidavit is the basis for this application.
The difficulty with sustaining this application is the fact that there is no competent evidence of misconduct on the part of the juror in question. The only evidence on the subject is the affidavit of one juror and it is the well-settled rule in New York, that affidavits of jurors are not competent to impeach a verdict which has been solemnly made and properly returned to the court.
In the opinion of the court, the burden is upon the attorney examining the jurors to determine if any of them have any sympathy adverse to his' client, and if so, he may exercise a peremptory challenge to that juror. The court in its charge stressed the fact that the jurors in their deliberations should not let sympathy work in favor of a party nor should they let prejudice work against a party.
The motion to set aside the verdict is denied.