■ GEORGE E. ALFORD, as Administrator of the Estate of DONNA J. ALFORD, Deceased, Respondent, v TIMOTHY J. SVENTEK et al., Appellants.— Order unanimously reversed, without costs, and verdict reinstated. Memorandum: Plaintiff's decedent was killed in an automobile accident when her vehicle collided with another owned by defendant Joseph Sventek, and driven by defendant Timothy Sventek. The jury returned a verdict of no cause of action. A poll of the jurors showed that the vote was five to one; juror Dengler voting consistently in plaintiff's favor. Thereafter, plaintiff obtained an order to show cause why the jury verdict should not be set aside on the ground that it was subject to outside influence, was inconsistent and against the weight of the evidence. An affidavit of juror Dengler, submitted by plaintiff with the show cause order, recited that he had made an unauthorized visit to the accident scene. At a hearing conducted by the Trial Judge, juror Dengler testified that he had visited the scene of the accident after the close of the evidence and that he had driven his automobile around the curve in the road where the accident occurred, in the manner in which it swerved. He informed the other jurors of this during their deliberations. The Judge set aside the jury verdict and ordered a new trial on the ground that the jury was subject to outside influences. The general rule that a juror may not impeach his own verdict does not apply to instances of prejudicial conduct occurring outside of the jury room *(People v De Lucia,* 20 NY2d 275). However, before setting aside a verdict because of outside influences, the court must examine whether such outside influences were prejudicial and likely to influence the verdict (see *Payne v Burke,* 236 App Div 527; *Haight v City of Elmira,* 42 App Div 391; *Sindle v 761 Ninth Ave. Corp.,* 127 NYS2d 258, affd 283 App Div 939). We find that the plaintiff's assertion that he was prejudiced by juror Dengler's unauthorized view of the accident to be without merit inasmuch as juror Dengler consistently voted in plaintiff's favor on all causes of action. Accordingly, the court erred in setting aside the jury verdict for defendant. (Appeal from order of Chautauqua Supreme Court—new trial.) Present—Simons, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.