ALBERT J. MITCHELL, Appellant, v. HERBERT ROWLEY,
Respondent.

(County Court, Chautauqua County, June, 1909.)

Values:   Competent evidence of value in general — Exhibition of cow
to court insufficient as evidence of value:   Value at remote period
— Value of cow several months after sale.

In an action in a justice's court to recover damages for deceit
in the sale of a cow as all right which was, in fact, diseased, it
is not sufficient proof of damages to exhibit the cow to the justice
several months after the sale, there being no evidence to show that
the cow was in the same condition at the time of the trial as at
the time of the sale.

APPEAL from a judgment of a justice of the peace.

C. M. Reed, for appellant.

Fred R. Peterson, for respondent.

OTTAWAY, J.   This is an action brought before a justice
of the peace of the town of Stockton to recover upon a prom-
issory note given for the purchase of a cow.   The defendant,
answering, alleges that the plaintiff warranted the cow pur-
chased by him to be all right; that in truth and in fact said
cow was diseased and valueless.   Upon the trial of said ac-
tion the defendant gave no evidence of the value of the cow
at the time he purchased the cow of the plaintiff.   He at-
tempted to demonstrate the damages which he claimed by
an exhibition of the cow at the time of the trial and by evi-
dence as to the condition of the cow at that time.   The trial
occurred several months after the purchase of the cow.   No
evidence was produced to show that the cow was in the same
condition at the time of the trial as upon the day of sale.
If defendant was entitled to recover upon his counterclaim
his measure of damages would have been the difference be-
tween the value of the cow had it been as warranted by the

plaintiff and its value in its real condition at the time of the sale. There seems to be an absence of proof in this respect. It was error for the justice to receive proof as to the value of the cow at the time of the trial without evidence showing the cow in the same condition as at the time of the sale.

It was also error for the justice to direct a view of the cow at the time of the trial, the trial occurring several months after the sale and there being no evidence to show that the cow was in the same condition at the time of the trial as at the time of the sale. Buffalo Structural Co. v. Dickinson, 98 App. Div. 355; People v. Thorn, 156 N. Y. 286.

The judgment in this case must be reversed and the defendant having failed to offer any proof as to the value of the cow at the time of the sale under the rule prescribed as to the measure of damages in cases of this character, the judgment is against the weight of evidence and a new trial is ordered before the same justice, Amos Carr, said trial to be had June nineteenth at ten o'clock a. m., at the office of said justice in the town of Stockton, Chautauqua county, N. Y., with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.