ABRAM   MANUTA,   Plaintiff,   *v.*   MARKS   LAZARUS,
Defendant.

(City Court of City of New York, Trial Term, July, 1918.)

Verdict — jury permitted to view premises — motion to set aside verdict denied.

> Where the right of plaintiff to recover for injuries sustained ·by falling down the stairs of a tenement house in the city of New York depends upon whether the doors opening into the hall adjacent to the stairway contained glass panels in accordance with the Tenement House Law, and the evidence upon that point is in direct conflict, it is not error, though an exception was taken, for the court, after instructing the jurors as to their conduct, to permit them to take a view of the premises in the presence of a court officer and counsel, and a motion to set aside a verdict in favor of plaintiff upon the ground that the viewing of the property in the manner indicated constituted error will be denied where there is testimony to the effect that the structural conditions of said doors were the same on the day of trial as on the day of the accident.

ACTION to recover damages for personal injuries.

Robert L. Turk, for plaintiff.

Leroy G. Edwards, for defendant.

ALLEN, J.   The plaintiff sued to recover damages for having fallen down the stairs of a tenement house. His right to recover was dependent upon whether the doors opening into the hall adjacent to the stairway contained glass panels in accordance with a provision of the Tenement House Law.   Evidence ·was adduced on behalf of the plaintiff that the doors did not contain such panels, and evidence was adduced on behalf of the defendant that they did.   There was also evidence to the effect that the structural conditions· of the doors were the same on the day of the trial as on the day when the plaintiff met with the accident.   Upon this situation, it seemed to me that about the best way

to apprise the jury of what the fact in dispute was was to take them to the premises and let the jurors see for themselves what the condition was. I accordingly suspended. further proceedings and, with a court officer and counsel, accompanied the jurors to the premises, after having given them appropriate instructions as to their conduct in inspecting the premises. The plaintiff took exception to the procedure. The doors contained glass panels, and, upon the trial being resumed, the jury found a verdict for the defendant. The plaintiff moves to set this verdict aside upon the ground that the viewing of the property in the manner indicated constituted error. There has been very little said upon the subject in this state. The plaintiff submits only two authorities, which, for the reasons hereinafter stated, are not applicable; and the defendant's counsel states that he has not been able to find a case in this state in point, and my experience has been the same. *Buffalo Structural Steel Co.* v. *Dickinson,* 98 App. Div. 358, relied upon by the plaintiff, is not applicable to the situation here presented, for the reason that only a part of the jury first viewed the premises without the permission of the trial justice, which, of course, constituted misconduct, and that as appears from the original papers on appeal " that the columns furnished and installed by the plaintiff had been filled with concrete, so that an inspection thereof at the present time would not show their condition as of the time of said default." Consequently, the observation of the court that there was no authority for a jury in a civil case inspecting the location in question was not necessary to the decision of that case and was *obiter dicta. Mitchell* v. *Rowley,* 63 Misc. Rep. 643, also relied upon by the plaintiff, is not applicable here because in that case there was no evidence that the property viewed was in the same condition at the time of the trial as at the time of the

sale. While there is not much upon the subject in this state, it has been held in Illinois (*Springer* v. *Chicago,* 135 Ill. 552; *Vane* v. *Evanston,* 150 id. 616; *Pike* v. *Chicago,* 155 id. 656) and in several other states that the viewing of the property or location in question by the jury is within the inherent power of the court, and that the power may be exercised in its discretion; and I think that this view is both sensible and sound where the conditions have not changed in any material respect. In this case, what was the more sensible course and the one more consonant with justice — to let the jury pass upon disputed testimony as to an *existing material fact,* with the chance of its deciding in favor of the contention supported by perjured testimony, or to take it to the place and let it see with its own eyes? I think that the verdict in this case answers the question. Of course it rarely happens that a situation is susceptible of being cleared up in this way, because most evidence relates to what has been said or done or a situation which no longer exists at the time of the trial; but when it is possible to ascertain the exact truth by an ocular demonstration I think that it should be done in the interest of justice, and in order to stop disputes as to things as to which there should be no disputes. A survey, properly qualified, of the premises would have been, in fact was, received in evidence. A photograph, properly qualified, would have been received. Oral testimony as to their condition was received. Then why was it not proper to receive in the way indicated the premises themselves? If the copy, why not the original? I think that it was just in the same way that real evidence is received. In fact, the view constitutes, in substance, real evidence. I do not think that the plaintiff has been prejudiced in any right which he had, and the motion to set aside the verdict is denied.

Motion denied.