■   ABRAHAM HARARI-RAFUL et al., Individually and as Parents of RACHEL HARARI-RAFUL and Another, Infants, Respondents, v. TRANS WORLD AIRLINES, INC., Appellant. — In an action to recover damages for personal injuries arising out of an aircraft hijacking, defendant appeals from an order of the Supreme Court, Kings County, dated September 15, 1972, which requires defendant to

disclose to plaintiffs' counsel secret documents and other matters relating to defendant's antihijacking program. Order for disclosure stayed until after determination of the issue of damages, a separate trial of which is hereby directed prior to the determination of the remaining issues in this case. If the trial of the issue of damages results in a finding that no plaintiff suffered damages in excess of $75,000, the order appealed from is reversed, without costs. However, if the trial of the issue of damages results in a finding that the damages suffered by any individual plaintiff exceed $75,000, the order is affirmed, without costs. This action arises out of a hijacking of one of defendant's airplanes bound from Israel to New York City with a stop en route at Frankfurt, Germany. Plaintiffs, husband and wife and their two infant children, were paying passengers on the airplane. After it took off from Frankfurt, members of the Popular Front for the Liberation of Palestine seized it and compeled the crew to fly it to a guerrilla camp in Jordan, where plaintiffs were held prisoners and allegedly suffered personal and bodily injuries involving physical and mental pain and anguish, for which they are suing in this action. The complaint contains three causes of action, the first for $75,000 in damages for each of the four plaintiffs, the maximum recovery allowance under the Warsaw Convention acceded to by the United States in 1934 (49 U. S. Stat. 3000 [see 49 U. S. Code Ann., § 1502 (pocket part)]), as amended by the Montreal Agreement of 1966 (Agreement CAB 18900 [see same Ann.). In each of the second and third causes of action each plaintiff seeks damages of $150,000. The latter two causes of actions are predicated on two provisions of the above-named international agreements one of which makes the $75,000 maximum limitation inapplicable " if the damage is caused by his [the carrier's] wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct " (Warsaw Convention, art. 25, subd. [1]). The second provision specifies the requirements of the contents of tickets used by international carriers subject to the convention and agreement. Subdivision (1) of article 3 of the Warsaw Convention sets forth certain of these requirements and subdivision (2) of article 3 declares that the carrier is not " entitled to avail himself of those provisions of this convention which exclude or limit his liability." The Montreal Agreement adds a further requirement that carriers' tickets give notice of the $75,000 per passenger limitation of liability imposed therein. Plaintiffs also seek to avoid the damage limitations of the Warsaw Convention and the Montreal Agreement by seeking recovery under common law by alleging that their injuries were suffered through the negligence of the defendant carrier in the operation, maintenance and control of the aircraft on which plaintiffs were traveling. In order to establish willful misconduct or negligence, if the cause of action for negligence survives the pre-emptive impact of the Warsaw Convention and the Montreal Agreement (see *Garcia* v. *Pan American Airways*, 269 App. Div. 287, 292), a question not now before the court, plaintiffs sought by their two notices, one for discovery and inspection and the other for oral depositions, to obtain access to documents and to take oral depositions from defendant, among other things, as to the antihijacking procedures known to or used by defendant at Frankfurt and in flight, including such items as the profiles used to identify potential skyjackers. Defendant strongly opposed these portions of the notice of discovery and inspection on the ground that they called for material consisting of " highly sensitive secret documents whose production would be detrimental to the public interest " and which would ease the way for would-be hijackers to avoid the secret antihijacking measures taken by the airlines and would thereby jeopardize the world-wide

program against hijackers and thus endanger the safety of large numbers of the traveling public. When Special Term ruled against defendant, it appealed, as stated in its notice of appeal, from that part of Special Term's order "requiring the disclosure of confidential materials relating to defendant's antihijacking program." Liability of a carrier engaged in international transportation for damage "sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger" attaches without regard to the carrier's negligence (Warsaw Convention, art. 17). Hence, if defendant is liable under the Warsaw Convention, plaintiffs need not prove negligence of defendant. While defendant in its answer originally pleaded in two affirmative defenses that the Warsaw Convention did not apply to the injuries received by plaintiffs after there had been disembarkation from the aircraft, it has since withdrawn these defenses (see letter of appellant's attorneys to this court dated February 6, 1973). It now takes the position that the common-law negligence claim is barred by the express language of the Warsaw Convention and the Montreal Agreement which exclusively govern the right to recovery, superseding all local law, since in return for the limitation of the carriers' liability per passenger to a maximum of $75,000 and their waiver of the defense of due care under subdivision (1) of article 20 of the Warsaw Convention defendant is not "liable if * * * [it] proves that * * * [it and its] agents have taken all necessary measures to avoid the damage or that it was impossible for * * * [it] or them to take such measures." Accordingly, the data sought by plaintiffs from defendant as to antihijacking programs available to it or its use thereof would be relevant only as to the issue of possible willful misconduct by defendant, which, if established by plaintiffs, would allow them to recover for any damages any of them may have suffered in excess of the Warsaw Convention-Montreal Agreement maximum of $75,000. If on the preliminary trial of the issue of damages hereby ordered none of the plaintiffs can establish damages in excess of $75,000, the data sought by them through their notices of discovery and inspection and of oral deposition as to defendant's antihijacking activity will not be material and there would be no reason to allow plaintiffs to breach the wall of secrecy surrounding the data which might result from defendant's enforced compliance with the order here under appeal. Under CPLR 603 a court may "In furtherance of convenience" order "a separate trial * * * of any separate issue" and "the trial of any * * * issue prior to the trial of the others." (See *Feldstein* v. *Greater N. Y. Councils, Boy Scouts of Amer.*, 16 A D 2d 771, where the court said, "The court in its discretion may order a separate trial of one or more issues in a case prior to any trial of other issues"; see, also, *Mercado* v. *City of New York*, 25 A D 2d 75, 76, where the court said: "The liability issue and the damage issue in an action, grounded in negligence, to recover for personal injuries or wrongful death, represent distinct and severable issues which may be tried and determined separately. As a measure for relief from calendar congestion, as a means of lightening the burden of litigation and in the furtherance of the interests of justice in particular cases, the separate disposal of such issues is an accepted and useful practice.") In *Uterhart* v. *National Bank of Far Rockaway* (255 App. Div. 859), the court said of a predecessor section to CPLR 603 (Civ. Prac. Act. § 96): "The liberal provisions of section 96 of the Civil Practice Act are not to be limited by strict or liberal construction, or by reason of mechanical difficulties. The purpose of this section and many others was to commit to the courts a wide discretion in the administration of litigated business." On the basis of the foregoing we direct a separate prior trial of the issue of damages, leaving for determination there-

after any remaining unresolved issues of law and fact which it may then become necessary to determine to reach a final judgment in this case. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.