OPINION OF THE COURT
Anthony J. Ferraro, J.
In this action, plaintiff seeks to recover the sum of $39,868 *808 representing the balance claimed to be due for the installation of a glass and bronze railing in the interior of defendant’s premises and an aluminum railing at the exterior thereof.
Defendant has denied the allegations of the complaint and has interposed a counterclaim for $100,000.
Testimony during the trial has established that the condition of the railing has remained unchanged since the plaintiff left the work site.
The trial revealed serious issues of fact as to the condition of the railing with respect to the parallel meeting of the panels of glass, the spacing between the glass panels, the condition of the bronze rail on the inside and the condition of the aluminum rail on the outside.
There has been some testimony on behalf of the defendant that the condition of the railing is so bad that it must be completely replaced, is beyond repair and that it depreciates the internal appearance of the home. To the contrary, there has been testimony on behalf of the plaintiff that the work is satisfactory and conforms to standards in the industry.
The defendant who has exclusive control of the premises has failed to produce any photographs to demonstrate what the actual condition is.
Nevertheless, the real evidence and the best evidence in this case is the railing itself which is concededly in the same condition as left by the plaintiff and available for direct inspection by the jury. The court has made arrangements for the transportation of the jury to the site with John Perno, chief of security for the courthouse. However, the defendant has refused to permit an inspection of the railing in spite of this court’s direction that the inspection be made.
The jury should not be relegated to the difficult task of trying to resolve conflicting testimony when the real evidence is available for inspection and resolution of any doubt.
The court has determined that an inspection of the railing in question is necessary for an accurate and proper resolution of the issues in this lawsuit and for this reason has directed that the inspection be made by the jury properly escorted by van under the supervision of two court officers.
As authority for this action the court refers counsel to the case of Manuta v Lazarus (104 Misc 134, 136) where the court stated: "In this case, what was the more sensible course and the one more consonant with justice — to let the jury pass upon *809 disputed testimony as to an existing material fact, with the chance of its deciding in favor of the contention supported by perjured testimony, or to take it to the place and let it see with its own eyes * * * when it is possible to ascertain the exact truth by an ocular demonstration, I think that it should be done in the interest of justice, and in order to stop disputes as to things as to which there should be no disputes * * * the view constitutes, in substance, real evidence.”
Although this is a lower court case, it has never been overruled or questioned in any subsequent case and remains as stare decisis in this State. The court agrees with the reasoning and holding of this decision. The rule of law enunciated therein has now been codified. (See, CPLR 4110-c.) As stated in Richardson, Evidence § 127, at 100 (Prince 9th ed): " 'Why should a jury be confined to hearing what other men think they have seen and not be allowed to see for themselves.’ Real evidence has also been called demonstrative evidence and evidence by perception or autoptic evidence. Wigmore, Evidence, § 1150; McCormick, Evidence, § 179. It would seem to be the most natural and satisfactory process of proof.”
The defendant’s refusal to allow the court and jury to see the real evidence has frustrated a full and proper trial of the issues in this case and has impeded the true administration of justice.
If the defendant is beyond and above the lawful order of this court in its quest for the truth then he deserves no consideration from the court in the resolution of his dispute.
Although no reported case has been found which imposed sanctions for a refusal to permit a court-ordered inspection by a jury at the conclusion of a trial, such sanctions are implicit in the inherent power of the court to order the inspection. The power to direct an inspection could otherwise be sterilized by the refusal of the controlling party to permit it.
Nor is the court precluded from imposing sanctions because the codification of the court’s authority by CPLR 4110-c fails to provide for them. The statutory authority would be worthless without them. If the court is authorized to impose sanctions for a failure to permit discovery and inspection before trial, including the striking of an answer (see, CPLR 1326), a fortiori such right should exist when the failure to inspect occurs during the trial after a determination by the trial court that the inspection is indispensible to a full and proper *810 disposition of the issues. Under such circumstances, the striking of the defendant’s answer is the only effective sanction imposable without precipitating the plaintiff into a position of prejudice.
Defendant’s answer is, therefore, stricken and judgment is directed for the plaintiff as demanded in the complaint less a credit of $9,762 to the defendant as established by his exhibit I in evidence.