■ TUBULAR PRODUCTS, INC., Doing Business as MICHAEL ARTS BRONZE CO., Respondent, v BARRY JACOBSON, Appellant. —In an action to recover the balance allegedly due under a construction contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Ferraro, J.), entered June 30, 1986, which upon a bench ruling dismissing the defendant's answer and counterclaims on the ground that he refused to comply with an order for an inspection of the premises, was in favor of the plaintiff and against him in the principal amount of $30,106.

Ordered that the judgment is modified, by deleting therefrom the award of damages to the plaintiff; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for a jury trial on the issue of damages, with costs to the plaintiff to abide the event.

The instant action was commenced for payment for materials and labor for a custom made bronze and glass interior railing and an anodized aluminum exterior railing in the defendant's home. The defendant counterclaimed for breach of contract and negligence.

At trial, the plaintiff produced evidence that the work was satisfactory and conformed to industry standards. The defendant's testimony, however, indicated that the railings were beyond repair and had to be replaced. After both sides rested, the trial court ordered a jury viewing of the railings. The defendant refused, offering three separate excuses, all of which were rejected by the court. The trial court dismissed the defendant's pleadings and granted judgment to the plaintiff in the principal amount of $30,106.

The defendant contends that the trial court erred in ordering a jury viewing of the premises. We disagree. A decision to order a viewing is within the discretion of the trial court *(see,* CPLR 4110-c; *Cole v Lawas,* 97 AD2d 912; *Manuta v Lazarus,* 104 Misc 134). In light of the conflicting testimony regarding

the condition of the railings, the trial court's order was an appropriate exercise of discretion under CPLR 4110-c.

In addition, we find that the trial court did not abuse its discretion in striking the defendant's pleadings. While the defendant argues that his refusal to comply with the court order was not willful, he does not offer, nor has he ever offered, to comply with a viewing. Under the circumstances, his refusal to comply with the court order must be construed as willful. Thus, dismissal of the defendant's pleadings was an appropriate sanction (see, Zletz v Wetanson, 67 NY2d 711, 713; Sawh v Bridges, 120 AD2d 74, appeal dismissed 69 NY2d 852; Jet Asphalt Corp. v Consolidated Edison Co., 114 AD2d 489).

The trial court erred, however, in not permitting the jury to assess the damages. Liability and damages are distinct and severable issues, which may be tried and determined separately (see, Mercado v City of New York, 25 AD2d 75). Pursuant to CPLR 603, this court may order a trial of "any separate issue" (see, Harari-Raful v Trans World Airlines, 41 AD2d 753, 754). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a jury trial solely on the issue of damages (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.