■ SHIRLEY PINES, Respondent, v MUSS DEVELOPMENT COMPANY, INC., Defendant, and WESTINGHOUSE ELEVATOR CO., INC., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the defendant Westinghouse Elevator Co., Inc., appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated February 19, 1988, which denied its motion to dismiss the plaintiff's complaint or, in the alternative, to preclude the plaintiff from adducing proof at trial with respect to discovery information allegedly not provided.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the appellant's motion which was to preclude the plaintiff from adducing proof at the trial

as to medical special damages, and substituting therefor a provision granting that branch of the motion and precluding the plaintiff from adducing proof at the trial as to such damages; as so modified, the order is affirmed, without costs or disbursements.

The accident upon which this personal injury case is based occurred on August 24, 1983. The plaintiff commenced this action against Westinghouse Elevator Co., Inc. (hereinafter Westinghouse) and others by service of a summons with notice dated January 23, 1984. The plaintiff did not serve a complaint until directed to do so in June 1984. Westinghouse interposed an answer and simultaneously served a demand for a verified bill of particulars and a notice for discovery and inspection, each dated August 8, 1984. The plaintiff did not respond to either the demand for a bill of particulars or the notice for discovery and inspection. On March 7, 1985, the Supreme Court granted, without opposition, Westinghouse's motion for a conditional order dismissing the complaint unless the plaintiff provided the responses within 45 days of service of a copy of the order with notice of entry. The plaintiff served an untimely bill of particulars which stated that she lost no earnings but did not provide the particulars of claimed medical special damages. The bill of particulars stated that information regarding the omitted special damages would be provided as and when they became known. The plaintiff, however, did provide some responses to Westinghouse's notice for discovery and inspection.

Subsequently, Westinghouse again moved for an order dismissing the complaint or precluding the plaintiff from adducing proof at the trial with respect to responses which had not been provided. The plaintiff, again, did not oppose the motion. On August 1, 1985, the court issued an order dismissing the complaint unless the plaintiff, within 30 days, provided the particulars of special damages and the responses to the notice for discovery and inspection. The plaintiff, again, failed to timely comply with this order but subsequently provided additional responses to the notice for discovery and inspection. However, the plaintiff did not set forth the medical damages.

On June 5, 1986, the court issued an order after preliminary conference which, *inter alia,* directed the plaintiff to serve a further bill of particulars setting forth special damages within 60 days.

In January 1988 the defendant Westinghouse moved for dismissal of the plaintiff's complaint or, in the alternative, for an order precluding her from adducing proof at trial with

regard to certain responses which it claimed the plaintiff did not provide. This appeal by defendant Westinghouse is from an order denying its motion in its entirety. We hold that the Supreme Court properly denied so much of the motion as was to dismiss the complaint. However, it was an improvident exercise of discretion not to have precluded the plaintiff from adducing, at the trial, any proof regarding medical special damages.

Where a party disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court (see, Zletz v Wetanson, 67 NY2d 711). For a court to dismiss the complaint, the conduct of the party who has disobeyed the court's order must be willful and contumacious (see, Tubular Prods. v Jacobson, 138 AD2d 371; Lobo Equities v North Riv. Ins. Co., 124 AD2d 647; Sawh v Bridges, 120 AD2d· 74), and, in this case, the plaintiff's conduct has not risen to that level.

However, in the instant case, it is clear from the record that the plaintiff failed to comply with the court's orders dated March 7, 1985, and August 1, 1985, respectively, with regard to furnishing the required particulars of medical special damages. The record shows that the plaintiff ignored these orders of the Supreme Court to furnish the defendants with this information, and, therefore, the plaintiff should be precluded from adducing any evidence of medical special damages at the trial of this action. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.